CASE 86—PETITION EQUITY—DECEMBER 1.

# Cook v. Clemens, &c.

APPEAL FROM NELSON CIRCUIT COURT.

DELAY IN ENFORCING EXECUTION LEVY.—Where the enforcement of an execution levy has been delayed for an unreasonable time, a third party, even though he has had notice of the levy, has a right to presume that it has been abandoned, or that some arrangement waiving it has been made between the parties to it. And it matters not whether the unreasonable delay has resulted from arrangement between the debtor and the execution creditor, or the mere neglect of the creditor. In either case the lien should not be allowed to prevail as against one who has been more diligent.

In this case a delay of two years in the enforcement of an execution levy on land is held to have been unreasonable, and another creditor, who, at the end of that time, had the land levied on and sold under his execution, and at the sale thereunder became the purchaser, acquired a perfect title, although he had notice of the former levy.

J. D. WICKLIFFE FOR APPELLANT.

An execution lien on land is not lost by delay in selling, when the party seeking to subject the land knew of the lien. (2 Bush, 239; 2 Monroe, 13; Nielson v. Churchill, 5 Dana, 339.)

C. T. ATKINSON FOR APPELLEES.

An execution lien may remain good as between the parties, but laches in enforcing it will destroy it as to others, although they may have notice of the levy. (Owens v. Patterson, 6 B. M., 491; 11 Bush, 241; 3 Monroe, 99; 4 Monroe, 319.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

An execution in favor of James Muir and against Irvin Miller, issued on November 8, 1880, and was levied five days thereafter on a tract of land belonging to the latter. January 10, 1881, the appellant, Cook, paid off the execution to Muir's attorney, and the latter assigned it to him. It was then returned to the office.

In October, 1882, the appellee, Clemens, obtained a judgment against Miller. Execution issued thereon November 8, 1882; it was levied on the twenty-first day of the same month upon the same land; and upon the eleventh of December following the sheriff sold the land under it. The appellee became the purchaser. It being subject to redemption by reason of not having brought two-thirds of its appraised value, he sued out another execution upon his judgment upon the last-named day, and under it, and upon January 11, 1883, the equity of redemption was sold, and also purchased by him.

December 4, 1882, or about two years after the levy of the Muir–Cook execution, a *ven. ex.* issued in favor of the appellant Cook. Nothing was done under it; and after its return to the office, and on February 12, 1883, another one issued, under which the land was sold, but this time for the appellant Cook's debt. Not bringing two-thirds of its appraised value, an execution was then sued out upon the Muir judgment belonging to Cook, and at the sale of the equity of redemption under it the latter became the purchaser.

The returns upon the Clemens executions made no reference to the Cook executions, and *vice versa.*

January 24, 1884, the sheriff conveyed the land to the appellee, Clemens; and on June 13, 1884, the appellant, Cook, obtained a like deed from the same officer. Clemens subsequently obtained the possession of the land under a judgment therefor in his favor, and against Miller; and Cook now sues for a cancellation of the sales and deed to Clemens, and the recovery of the land.

Where land is conveyed by a debtor, which is then subject to a lien by virtue of the subsisting levy of an execution, the title passes to the vendee, subject, however, to be overreached by a subsequent sale of the property under the execution and a conveyance by the officer.

In the case of Owens v. Patteson, 6 B. M., 488, the execution creditor permitted his levy to remain unenforced until at the end of seventeen months the debtor sold and conveyed the land to a third party, who had no notice of the levy; and it was held that there was no subsisting lien.

In the case of the Deposit Bank of Cynthiana v. Berry's Administrator, 2 Bush, 237, no steps were taken to enforce the levy for three years. At the end of that period the debtor died insolvent. The creditor asserted a lien by virtue of his levy and a right to priority of payment out of the proceeds of the property levied upon over the general creditors. It was denied, owing to the delay in enforcing it.

In the case now presented the appellee, Clemens, insists that the appellant, Cook, is not entitled to any relief because of the delay of about two years in enforcing the levy made under his execution. The latter responds by saying that before you purchased the land under your execution both you and your attorney had notice that my execution had been levied upon it.

It appears that the attorney of Muir, who assigned the execution to Cook, subsequently became the attorney of Clemens in his suit against Miller; but he testifies, it had been so long since he as such attorney made the assignment, that he had entirely forgotten

Cook v. Clemens, &c.

it until reminded of it by the officer who had levied the execution of Clemens, and then had it, and who had also in November, 1880, levied the Muir execution. It also appears by the officer's testimony that before the sale under the execution of Clemens he told him of the levy of the Cook execution. The appellee, however, testifies otherwise.

It is perfectly evident from this record that the appellant Cook paid off the Muir execution, and took an assignment of it as a favor to Miller, and with the intention of indulging him. In fact, it appears that since his purchase under his execution he has received some money from Miller as a payment upon his debt for which he had the land sold. He testifies, in substance, that Miller was to have the land in case he paid him his debt.

The testimony shows that when the appellee, Clemens, brought his action upon his sheriff's deed against Miller to obtain possession of the land, the appellant, Cook, resided within a mile and a half of it. It only appears by presumption that he knew of it. If he did, he remained silent.

It further appears, that after the appellee, Clemens, had, by virtue of his judgment, obtained a writ for the possession of the land, and when he, with the proper officer, was upon the ground for the purpose of dispossessing Miller, the appellant agreed to be responsible to the appellee for a certain amount of rent for the premises, if Miller did not pay it, provided the appellee would not turn the Miller family out of the house. We, therefore, find him consenting to the Miller family becoming the tenants of the appellee.

No absolute rule can be established fixing any certain time at the end of which a levy shall cease to give a subsisting lien.   Each case must, in the main, depend upon its own circumstances.   Our statute, however, contemplates a prompt enforcement and return of an execution.   Unreasonable delay is likely to result in injustice to third parties, if, notwithstanding it, a lien upon the debtor's property continues.   Our statute, therefore, fixes a certain time when executions shall be returnable.   Officers are made liable in heavy statutory penalties to plaintiffs for failing to return them to the office from whence they issued within the proper time, without a reasonable excuse therefor.   They are not only subject to fine, if they delay for an unreasonable time to advertise property taken under execution, but are, moreover, liable in damages to the party injured.

Thus it appears that not only the letter but the spirit of our law, in giving a lien to the creditor by virtue of his execution levy, requires at the same time, as a condition of its continued life and existence, that it shall be promptly enforced.   The statute provides him with the means to compel prompt action upon the part of the officer.   It is unlike the case of an unrecorded title bond or mortgage.   The execution creditor or purchaser cannot override them if he has notice of their existence before his purchase.

Where, however, the enforcement of an execution levy has been delayed for an unreasonable time, a third party has a right to presume that it has been abandoned, or that some arrangement waiving it has been made between the parties to it.   Any other rule would deceive innocent parties into the giving of false credit;

afford the debtor an opportunity to cover up his property, and lead to the perpetration of injustice and wrong. It matters not whether the unwarrantable delay results from arrangement between the debtor and the execution creditor, or the neglect of the latter merely. It should not, in either case, be allowed to prevail over the diligent. The creditor may, through his execution, secure his debt, provided he acts with reasonable diligence. The law affords him the remedy upon this condition, because otherwise he may deceive innocent parties or enable the debtor to do so.

The inaction of the appellant in this case authorized the belief, upon the part of even those who knew of the levy, that it had, in some way, been arranged or else abandoned.

His neglect to have it enforced for so long a time, coupled with the attending circumstances, must, as to third parties, be treated as a waiver or abandonment of it.

The judgment dismissing the petition is affirmed.