CASE 69—ACTION TO ENJOIN A SALE UNDER AN EXECUTION—Oct. 2.

# Park, &c., v. McReynolds.

## APPEAL FROM GRAVES CIRCUIT COURT.

:JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

.PLEADINGS—VERIFICATION—PREMATURE SUBMISSION—EXECUTION—FIL-
ING OF NOTICE OF LEVY—RETROSPECTIVE OPERATION OF STATUTE.

Held: 1. A pleading which the law requires to be verified is not a
complete pleading until that is done, unless the verification
has been waived by some act of the adverse party; and there-
fore it was error to submit an equitable action over defendant's
objection at the same term at which plaintiff verified his reply,
filed at a previous term, where the reply was one which
the law required to be verified, plaintiff thus being in default
as to the completion of the pleadings, and therefore not en-
titled to demand a trial.

2. Kentucky Statutes, section 2358a, sub-sec. 2 (part of Act March
17, 1896), providing that no execution "hereafter issued," nor
any levy or sale thereunder, shall affect the right of a sub-
sequent purchaser of any land upon which such execution may
have been levied, except from the time notice of such execu-
tion shall be filed in the office of the clerk of the county
court, applies to all executions, whether issued before or after
the enactment of the statute, and therefore where an execu-
tion had been issued and levied on land about a year before
the statute was enacted, and soon after the levy
was made, was returned to the clerk's office without
any sale thereunder, the filing of the required no-
tice of the execution in October, 1897, operated as constructive
notice to a subsequent purchaser, and the levy was thereby
kept alive, though no attempt was made to sell the land under
the levy until in August, 1899.

3. Where a judgment enjoining the sale of land under an execution
involves the title to the land, an appeal lies, regardless of the
amount of the execution.

D. G. PARK. FOR APPELLANTS.

## POINTS AND AUTHORITIES CITED.

1. Submission and judgment before the action regularly stood for
trial, is not a misprision, but a reversible error, because ob-

Park, &c., v. McReynolds.

jections were entered and exceptions reserved at the time of the submission and judgment.

2 Metcalfe, 443-4, Mattingly v. Bosley; 3 Metcalfe, 423-7-8, Smith v. Ferguson; 16 B. Monroe, 345, Rayman v. Reed.

2. The act approved March 17, 1896, in the second section, under the terms "execution hereafter issued," comprehends a writ of *venditioni exponas* issued after the passage of the act; and notice under this law was properly filed in the county clerk's office of the original execution and levy on the land.

Carroll, Kentucky Statutes (1899), sec. 2358a; or Act of 1896, chapter 11; or Sup. Kentucky Statutes, 1899: 58-9, sec. 2; Bouvier's Law Dictionary, vol. 1, pages 622-3.

3. Mere indulgence is not an abandonment or discharge of the levy. 2 Bush, 236, Bank v. Berry's Admr.; 6 B. Monroe, 488-92-3, Owen v. Patterson; 87 Ky., 566-70-1, Cook v. Clemens.

4. Since the passage of the act of 1896, section 1, regulates a *lis pendens* lien; while section 2 regulates an attachment or execution lien, giving to such memorandum, when filed for record, the effect of constructive notice against all subsequent purchasers; and section 4, provides the manner of discharge or release of such liens.    Carroll, Kentucky Statutes (1899) sec. 2358a, acts of 1896, chapter 11; Sup. Kentucky Statutes, (1899) pp. 58-9; Wade on the Law of Notice, (2d ed.) sec. 374.

5. Actual notice, even since the statutes, binds the purchaser. Wade on the Law of Notice (2d ed.) sec. 374, supra; 6 B. M., 492-3.

6. The fraud alleged vitiates appellee's deed and he acquired no title by it. Kentucky Statutes, 1906.

Cause may be reversed for error on the demurrers alone. 16 Ky. Law Rep., 788 Mathews v. Mathews; Southerland on Stat-. Construction, sec. 482, 23 Am. & Eng. Ency., page 450-1-2; D. & E., 16 B. Mon., 36; Walton v. Com., 10 Bush, 306; on Pet. for rehearing.

ROBERTSON & THOMAS, FOR APPELLEES.

This suit was brought for the enforcement of an execution which had been levied in behalf of appellant Park, by the sheriff of Graves county on the land described in the petition, and on April 15, 1895, the sheriff was directed, by appellant Park, to return the execution in these words "The sheriff will return this execution to the office whence it issued without sale and without releasing the levy." Nothing further was done till August 4, 1899, over four years thereafter, at which time appellant Park procured a *venditioni exponas* to issue, and brought suit to enforce the original levy by this latter writ.

Park, &c., v. McReynolds.

At the time of the levy, the land was owned by T. J. Wallace, but in June, 1899, it was sold by Wallace to appellee. The amount of the debt, interest, and costs amounts to less than $200, and we claim that this court has no jurisdiction of this appeal. This is not a proceeding to enforce a lien on land, nor to sell land, but is only to remove an alleged lien from the land; neither is it a proceeding involving title to the land, legal or equitable.

We further claim that appellant has lost his lien by the delay of more than four years in taking any steps to enforce it.

### AUTHORITIES CITED.

1. On dismissal of appeal, 5 Ky. Law Rep., 424; 14 Ky. Law Rep., 48-109; 9 Ky. Law Rep., 105; 4 Ky. Law Rep., 235; 90 Ky. Reports, 171; 91 Ky. Reports, 372.

2. On delay as to third parties.    84 Ky. Rep., 566; 6 B. M., 488; 2 Bush, 237.

3. On petition for rehearing.    Kentucky Statutes, 459; Sutherland on Stat. Const., secs. 463, 464; vol 9, Am. and Eng. Ency., p. 359 (1st ed.); 91 Ky. Rep., 411; 97 Ky., 364; 17 Ky. Law Rep, 253.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The plaintiff, A. McReynolds, instituted this action in the Graves circuit court for the purpose of enjoining the sale of a certain parcel of land in said county, being the E. ½ of the N. W. ¼ of section 3, township 5, range 1 E., being eighty acres.    It is substantially alleged in the petition:    That plaintiff bought same from T. J. Wallace June 6, 1899, and that on March 18, 1895, the defendant D. G. Park, having a judgment against said Wallace, procured an execution to be issued for the sum of $140.25, with interest from 6th of March, 1895, and $11.40 costs, which was directed to the sheriff of Graves county to execute, and same commanded the sheriff to make said sums out of the estate of said Wallace, who was then the owner of said land, and the execution was on March 18, 1895, by the sheriff of Graves county, levied on said land, and

due return made thereof. That on April 15, 1895, and before said execution expired, the plaintiff therein, Park, made and signed an indorsement on said execution, in words and figures as follows, to-wit: The sheriff will return this execution to the office whence it issued without sale, and without releasing the levy. April 15, 1895. D. G. Park." It is further alleged that same was returned to said office by the sheriff without making sale, as per directions; that nothing was ever done by the plaintiff in said execution to perfect said levy, or to sell said land thereunder, until August 4, 1899, when Park procured the clerk to issue a *venditioni exponas* directed to the sheriff of Graves county, commanding him to sell said land under and by virtue of said levy, and same was placed in the hands of defendant, Douthitt, who is now sheriff of Graves county, to execute. The petition then shows that the land was advertised for sale, and that a sale would be made unless prevented. And it is further stated that plaintiff had paid for said land, and when he purchased same he did not know of said levy on same of March 18, 1895, nor did he ever know of it; and that he is an innocent *bona fide* purchaser of same, which purchase was made by him before D. G. Park attempted to sell same by procuring to issue said writ of *venditioni exponas;* that the long delay from March 18, 1895, till August 4, 1899, was and is an abandonment of said levy, and can not now be enforced as against this plaintiff. A perpetual injunction was prayed for, as well as that his title be quieted. The petition herein was filed August 30, 1899, and an injunction awarded pending the litigation. The defendant Park, in his answer, alleged in substance that the *venditioni exponas* was directed to W. S. Cook, as sheriff, who made the levy and advertised the sale by the defendant's direc-

tions,. and Sheriff Douthitt did not proceed thereunder; that plaintiff, McReynolds, did have notice of said execution lien; that on the 5th day of October, 1897, he filed in the clerk's office of the Graves county court, with the clerk, thereof, written notice of his execution levy and lien acquired thereby, and caused same to be recorded in said office, which the clerk did on January 20, 1898, in which notice defendant set out in full said process, and the style and number of the case in the Graves circuit court in which the judgment was rendered on which the process isued, copy of which notice is filed as a part here-of. Defendant further denied that by such delay or in-dulgence alleged, or in any other manner, he had abandoned his levy on the land; denied that plaintiff was an in-nocent or *bona fide* purchaser of the land, or that he had no notice of defendant's lien; that he was proceeding under his regular process to sell as he had a right to proceed. Plaintiff filed a general demurrer to the answer of defendant Park, which was sustained by the court with exceptions. Thereupon defendant Park filed an amended answer, in which it is charged that plaintiff had actual no notice of defendant's lien; that he was proceeding under he purchased the land, and made his purchase with such notice; that he really purchased for other parties who furnished him the money at the time, with actual notice of defendant's lien and execution; and he denies that plaintiff was a purchaser in good faith, without notice of his claim. Plaintiff's demurrer to the answer and amended answer was sustained by the court, to which defendant excepted, and thereupon defendant filed another amended answer, which averred that plaintiff did not pay the sum of purchase money of $350 recited in the deed, nor did he purchase in good faith. Said Wallace knew defendant had

not abandoned his levy or lien thereunder, and made the conveyance with the fraudulent intent to cheat, hinder, and delay the defendant in the collection of his debt, and plaintiff, McReynolds, and those for whom he purchased, knew of such intent, and made the fraudulent arrangement to defeat defendant.     This answer seems to have been filed December 30, 1899.     The reply of plaintiff to the answer and amendments on file is a denial of the averments that he had actual notice of defendant's lien, or that he made same with any such notice, or that he purchased the same for other parties, or that he had any knowledge at the time that Wallace sold him the land with any fraudulent intent to cheat or delay Park in the collection of his debt, or that he made the sale for any such purpose, or that he entered into any such arrangement with any fraudulent intent.     At the succeeding April term of the court, on defendant's motion, a rule was awarded against plaintiff to verify his reply, which it seems that he did on the 12th of April, 1900, and on the next day, over the objection of defendant Park, the cause was submitted, and a judgment rendered in plaintiff's favor adjudging, in effect, that the levy of the execution aforesaid had been abandoned by defendant Park, and that plaintiff was an innocent purchaser of same, and became such after said levy and before the issuing of the *venditioni exponas*, and adjudged that the defendants be perpetually enjoined from any further proceedings under said writ, or from attempting to enforce said levy of said execution on said land or any of it, and that plaintiff's title to said land be quieted; to all of which the appellants excepted, and prayed an appeal to the court of appeals, which was granted.

Appellants objected to the submission upon the ground that the case did not stand for trial at that time because

by the provisions of the Code of Practice the party in default should not be entitled to a trial unless the pleadings had been completed sixty days before the commencement of the term of court, and that, inasmuch as plaintiff had failed to verify his reply until after the commencement of the term, the pleadings were not completed, and only verified by him in obedience to a rule of court, or as the result of defendant's motion for a rule.    If defendant had filed a rejoinder to the reply, or had by any act indicated an intention to waive the verification of the reply, he would not have been entitled to a continuance on account of the failure of the plaintiff to verify the reply sixty days before court.    But we think that the proper construction of the Code is that a pleading which, under the law, should be verified, can not be considered filed until it is verified; or, if it be considered filed at all, it can not be taken as a complete pleading until it is verified or the verification waived by some act of the adverse party.    It results, therefore, that the court erred in submitting the case for trial at the April term aforesaid.

It is earnestly insisted for appellee that the long delay upon the part of the appellants in enforcing the sale under the execution was in law and in fact an abandonment of the same, and should be so treated.    It is also insisted for appellee that section 2, c. 11, p. 15, Acts 1896, has no application to executions or attachments issued prior to the passage of the act aforesaid; hence it is argued that the filing of the notice required by said act is of no effect whatever.    If appellant had taken no steps indicating his intention to hold the levy in full force, and to enforce the same, and protect the lien acquired thereunder, from the time of the levy up to the purchase by ap-

Park, &c., v. McReynolds.

pellee, there would. have been much force in the conten-
tion of appellee that the levy should be considered as
abandoned, and his title adjudged perfect.    It will be
seen from the record that on the 5th of October, 1897,
appellants filed a notice required by section 2 of the act
of the Legislature before referred to, and, if the law ap-
plied to the executions or liens acquired or issued before
the passage of the act, this filing must be taken as con-
structive notice to appellee of appellants' lien upon the
land; and it will be seen that the act in question was ap-
proved March 17, 1896 (Kentucky Statutes, section 2358a,
sub-sec. 2), and as a matter of law went into effect ninety
days after the adjournment of the Legislature.    The
second section reads as follows:    "No attachment or ex-
ecution hereafter issued, nor any levy of sale under either,
shall in any manner affect the right, title to, or interest of
a subsequent purchaser, lessee, or incumbrancer without
notice thereof of any real estate or any interest therein
upon which such attachment or execution may be or may
have .been, levied, except from the time there shall be filed
in the office aforesaid a memorandum, showing the num-
ber and style of the action in which said attachment or
execution issued, the court from which it issued, the num-
ber, if any, of such attachment or execution, the date
thereof, and the name of the persons in whose favor and
against whom respectively it issued.    Such notice may be
filed by any party in interest."    It seems to us that the
act in question applied to all executions and attachments
and suits and judgments, whether issued or instituted be-
fore or after the enactment.    If Park had failed to com-
ply with said statute, we think he would have lost his
lien; and, having complied with it, we are of opinion that
the same was constructive notice to the appellee, and that

he purchased at his peril if he did so without an actual examination of the records. We do not think that the delay in enforcing a sale from the levy to the time of filing the notice required was sufficient to nullify the levy. Nor do we think that the delay to enforce a sale after the filing of the notice aforesaid was sufficient to destroy the lien theretofore acquired. It results from the foregoing that the court erred in sustaining appellee's demurrer to the answer and amendment thereto.

The appellee moved to dismiss the appeal for want of jurisdiction in this court because the principal of the debt sought to be collected was less than $200. That motion has already been overruled by this court, and properly so, because the title to the land is the real matter or thing in controversy. For the reasons indicated, the judgment appealed from is reversed, and cause remanded, with direction to overrule the demurrer, and for proceedings consistent herewith.

Petition for rehearing by appellee overruled.