Case 4.—ACTION BY CARRIE HIRTH AGAINST THE CITY OF
DAYTON FOR PERSONAL INJURIES BY FALLING INTO
A HOLE IN THE SIDEWALK OF THE CITY.—June 17.

## City of Dayton v. Hirth.

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Action—When Commenced—Failure to Verify Petition—Where
   a petition for personal injuries was filed against the city by
   one who was injured by falling into a hole in the sidewalk
   and a summons was issued thereon and served, the action
   was begun, although the petition was not verified until after
   twelve montns from the date of receiving the injury.

2. Delay in Prosecution—Filing Away Petition—Redocketing—Dis-
   cretion of Court—The fact that a petition had been filed with-
   out verification on which summons was duly issued, remained
   on the docket about three years after it was filed and then was
   filed away, it was in the discretion of the court to redocket the
   case on motion of the plaintiff, and to allow an amended pe-
   tition to be filed, and this court will not disturb the action of
   the lower court in matters of discretion unless it be made
   clearly to appear that it abused that discretion. The plea of
   the twelve months' statute of limitations to such petition was
   properly overruled.

3. Personal Injuries—Negligence of City—Excessive Verdict—
   Where it is shown by the evidence that a pedestrian in passing
   along on a sidewalk of a street of a city was severely injured
   by falling into a hole on the sidewalk six feet deep, of which she
   was not aware and which was known to the city officials or
   by the exercise of ordinary care could have been known by
   them in time to have repaired it before the accident, consider-
   ing the nature and permanency of the injuries, a verdict for
   $3,550 was not excessive.

City of Dayton v. Hirth.

C. J. VAN FLEET for appellant.

## CLASSIFICATION OF QUESTIONS DISCUSSED.

1. Verification. (Park v. McReynolds, 23 Ky. Law Rep., 896; Tyler v. Bernard, 57 S. W., 179; Cherry v. Foley, 16 N. Y. Supp., 853; Tibbitts v. Selfridge, 12 How. Prac., 64; Phiffer v. Travelers Ins. Co., 123 N. C., 410.)

2. Limitations. (Bell v. Morrison, 1 Peters R., 356-360.)

3 Laches. (Clark v. Kellar, 3 Bush, 223.)

4. Rules of court. (Cone v. Jackson, 55 Pac. Rep., 940; Beckwith v. South Covington and Cincinnati Street Ry. Co., 23 Ky. Law Rep., 2313.)

5. Pleadings. (Wallace v. San Antonio, 42 S. W., 865; Thomas v. L. & N. R. R. Co., 18 Ky. Law Rep., 164; Port Royal, &c. v. Tompkins, 83 Ga., 759; Myers v. American Steel Range Co., 64 Ill. Appellate, 187; Peay v. Salt Lake City, &c., 11 Utah, 331; Olcott v. City of St. Paul, 97 N. W., 879; Richlici v. City of St. Louis, 115 Mo., 662.)

6. Funds. (Monk v Town of New Utrecht, 104 N. Y. Reps,, 552-557.)

LUCIUS DESHA and ARTHUR C. HALL for appellee.

## POINTS AND AUTHORITIES.

1. No error can be taken advantage of on appeal unless it be specifically stated in the grounds for a new trial. (Hopkins v. Commonwealth, 3 Bush, 481; Slater v. Sherman, 5 Bush, 211; L., C. & L. R. R. Co. v. Mahoney, 7 Bush, 481; McLain v. Dibble & Co., 13 Bush, 298; Commonwealth, Use, &c. v. Williams, 14 Bush, 300; Jones v. Wocher, &c., 90 Ky., 232; Green v. Culver, 19 Ky. Law Rep., 186; L. & N. R. R. Co. v. McCoy, 81 Ky., 403; Meaux v. Meaux, 81 Ky., 475.)

2. The pleadings authorize the judgment for the plaintiff. (Mulliken v. Mulliken, 15 Ky. Law Rep., 610.)

3. The verdict is sustained by sufficient evidence. (Jones v. Wocher, &c., 90 Ky., 232, supra; Carlin v. Baird, 2 Ky. Law Rep., 932; L. & N. R. R. Co v. McCoy, 81 Ky., 463; McLain v. Dibble, 13 Bush, 998, supra.)

4. The damages assessed are not excessive, so as to appear to have been given under the influence of passion or prejudice. (L. & N. R. R. Co. v. Mitchell, 87 Ky., 327; Standard Oil Co. v. Tierney, 92 Ky., 367; Letton v. Young, 2 Met., 560; Kountz v. Brown, 16 B. M., 577; M. & L. R. R. Co. v. Herrick, 13 Bush, 122; Sherley v. Billings, 8 Bush, 147; L. & N. R. R. Co. v. Long, 94

Ky., 410; D., L. & N. Turnpike Co. v. Stewart, 2 Met, 119; L. & N. R. R. Co. v. Moore, 83 Ky., 675.)

5. The lower court did not err in refusing to grant a new trial for newly-discovered evidence. (Urso v. Unverzagt, 2 Ky. Law Rep., 228; Bright v. Wilson's Adm'r, 7 B. M.; Finley v. Tyler, 3 Mon., 404; Daniel v. Daniel, 2 J. J. M., 52; Fleet v. Hullenkemp, 13 B. M., 224; Allen v. Perry, 6 Bush, 91; Mercer v. Mercer's Adm'r, 87 Ky., 24; L. & C. Packet Co. v. Mulligan, 25 Ky. Law Rep., 1290.)

OPINION BY JUDGE NUNN—Affirming.

On August 23, 1900, the appellee was severely injured by falling into a hole, about six feet deep, in the sidewalk, on one of the streets of appellant city. She instituted her action for damages on April 17, 1901; the summons was issued on her petition on that day, and served two days thereafter. No steps were taken in the case until the 23d day of January, 1904, and on that day the court made an order filing the case away. Within less than a month, and on the 20th of February, 1904, it made an order redocketing the case, to which order the appellant objected and excepted, and at that term of the court the appellee filed an amended petition, and the appellant filed its answer traversing all the allegations of the petition and amended petition, pleaded contributory negligence on the part of appellee, and pleaded the one-year statute of limitations in bar of her action. The issues were completed, and the case was tried by the jury, who brought in a verdict for $3,550. The appellant filed the following grounds for a new trial: First, the damages were excessive, and appeared to have been given under the influence of passion and prejudice; second, the verdict was not sustained by sufficient evidence, and was contrary to law; third, that it had discovered evidence material to its defense, and which it could not have with reasonable diligence discovered and produced at the trial.

City of Dayton v. Hirth.

We will consider the first two grounds together. We deem it unnecessary to detail the evidence produced upon the trial, but it showed that this hole in the sidewalk did exist to the depth stated, and that appellee, in passing along this walk after dark, and not being aware of it, stepped into it. The proof showed that appellant's officials knew, or by the exercise of ordinary care could have known, of the existence of it for a sufficient length of time prior to her injury to have repaired it. Considering the character, nature, extent and permanency of the injuries received, as proven by herself and the physicians who treated and examined her, the amount of recovery is not excessive.

The appellant filed the affidavits of two newly discovered witnesses with reference to what they knew about the case. Their evidence, if admitted, was of not much importance, and merely cumulative. It failed to file the affidavit of the only other new witness, or give any reasonable excuse for its failure to do so. (Bright v. Wilson's Adm'r, 7 B. Mon., 122.)

Appellant contends that its plea of the statute of limitations was a complete bar to appellee's cause of action, and should have been sustained, for the reason that appellee did not, in the sense of the statutes, institute her action until she verified her petition in March, 1904, at the time she filed her amended petition. It refers to the case of Park v. McReynolds, 111 Ky., 651, 64 S. W., 517, 23 Ky. Law Rep., 896, as sustaining this position. In that case the court was considering the question as to whether or not the pleadings had been made up a sufficient length of time to authorize the court to try the case at that time, and, in discussing the question, the court used language which seems to sustain appellant's position. But in the same connection the court, in speaking of

City of Dayton v. Hirth.

the filing of a reply, used this language: "Or, if it be considered filed at all, it can not be taken as a complete pleading until it is verified, or the verification waived by some act of the adverse party." It is provided by sec. 2524, Ky. Stats. 1903, that an action shall be deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action. By sec. 39 of the Civil Code of Practice it is provided an action is commenced by filing in the office of the clerk of the proper court a petition stating the plaintiff's cause of action, and by causing a summons to be issued thereon. This section does not refer to the verification of the petition. It would seem that the verification is not a prerequisite to constitute it a petition; it would merely be defective, but this could be made perfect at any time by the plaintiff or by motion and rule at the instance of the opposite party.

Objection to a pleading for want of verification should be made by rule requiring party to verify, and, upon his failure to do so, the pleading should be stricken from the record, but not until a rule to verify has been awarded and time given. (Wheeler v. Wales, 3 Bush, 225; Baxter v. Knox, 31 S. W., 284, 17 Ky. Law Rep., 489; Payne v. Trigg, 41 S. W., 4, 19 Ky. Law Rep., 801.) The Park-McReynolds case, 111 Ky., 651, 64 S. W., 517, 23 Ky. Law Rep., 896, is overruled, so far as it conflicts with this opinion.

Appellee's action was begun within the twelve months after she received her injury, and, in our opinion, she had an action pending from the date of the filing of her petition and the issuing of the summons thereon, although she did not verify it until after the twelve months had expired from the date of receiving her injury. It was within the discretion

City of Dayton v. Hirth.

of the court to redocket appellee's action, and this court will not disturb the action of the lower court in matters of discretion, unless it be made clearly to appear that it abused that discretion, and, there being nothing in the record showing that fact, it is to be presumed that the lower court acted properly in the matter.

Perceiving no error in the record prejudicial to the substantial rights of appellant, the judgment of the lower court is affirmed.