## Turk v. Turk et al.

(Decided June 21, 1929.)

M. C. ANDERSON and C. C. GRASSHAM for appellant.

R. M. SHELBOURNE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

L. C. Turk was unsuccessful in the trial court, and is asking us for the relief denied him there. In February, 1928, John W. Turk and others filed a petition in equity in the Carlisle circuit court against L. C. Turk and others, seeking under subsection 2 of section 490 of the Civil

Code of Practice, sale of a certain house and 36 acres of land near Bardwell, Ky. No answer was filed by any of the defendants, and at the February term of the Carlisle circuit court a judgment was rendered, adjudging this property to be jointly owned by the parties to that proceeding, that they were in possession of it, that it was indivisible, and ordering the property sold for division.

On April 9, 1928, this property was sold at public outcry. L. C. Turk was the successful bidder, and executed a bond for his bid, $7,000, due six months thereafter. At the next term of the Carlisle circuit court, and on June 4, 1928, the sale was reported and ordered to lie over three days for exceptions. On June 7, the court confirmed the sale. On October 3, L. C. Turk began this action against the other parties to this suit for sale and division, and sought to enjoin the collection of this sale bond for the following reasons: (a) That the petition in the original action for the sale of the property for the purpose of division was not verified by the plaintiffs, nor by any one for them. (b) That no title papers were exhibited in that suit. (c) That the building situated on this property was destroyed by fire on June 7, 1928, and that this sale was thereafter and on that day confirmed by the court before the appellant had an opportunity to file exceptions thereto. L. C. Turk moved to consolidate this action with the suit for sale and division. That motion was overruled, and he has excepted. Demurrer to the plaintiff's petition was sustained. He declined to plead further, whereupon the court dismissed his petition, and from that order he has appealed.

His contention (a) is rested on the case of Park v. McReynolds, 111 Ky. 651, 64 S. W. 517, 23 Ky. Law Rep. 894, wherein it was written: "A pleading which, under the law, should be verified cannot be considered filed until it is verified." This would seem to sustain him, but the case he relies on was expressly overruled in the case of City of Dayton v. Hirth, 121 Ky. 42, 87 S. W. 1136, 27 Ky. Law Rep. 1209. The opinion in Park v. McReynolds, was also condemned in New York Life Ins. Co. v. Long, 177 Ky. 445, 197 S. W. 948, and in Bellamy v. Krebs, 213 Ky. 373, 281 S. W. 187. We have examined these cases. We are convinced of the soundness of these later opinions, and the case of Park v. McReynolds is again condemned.

His contention (b), relative to the failure to exhibit title papers, is equally without merit. There is no pro-

vision in this section of the Code requiring the title papers to be filed, and we so held in Powell v. Baer, 143 Ky. 282, 136 S. W. 629. There is such a provision in section 492 of the Code, and in Hays v. Beaver Creek Coal & Coke Co., 178 Ky. 149, 198 S. W. 743, we held a sale of the land of an infant was erroneous, because no title papers had been filed, but we held the sale was not void on that account.

This brings us to his contention (c), and there is no merit in this either. While this sale was confirmed on June 7, that term of the Carlisle circuit court still had many days yet to run, and, if the purchaser felt himself aggrieved by the confirmation of the sale, he should have at that term moved the court to reopen the question of the confirmation of this sale, should have filed his exceptions, and asked the court to rule thereon. He had all of this June term in which to do that. See Morris et al. v. Morris et al., 225 Ky. 823, 10 S. W. (2d) 277. However, in view of what was said in the case of Cook's Adm'r v. Franklin Fire Ins. Co., 224 Ky. 360, 6. S. W. (2d) 477, he would perhaps have accomplished very little by so doing. He did nothing until October, and now seeks collaterally to attack that judgment. That this is such an attack would clearly appear from a reading of the case of Johnson v. Carroll, 190 Ky. 689, 228 S. W. 413, where this question is fully discussed.

In the case of Bowles' Guardian v. Johnson, 218 Ky. 221, 291 S. W. 29, we reviewed to some extent the cases dealing with the rights of a purchaser at a judicial sale to relief from the sale bonds he has executed, and that decision is that, after the sale is confirmed, he may have relief in those cases only where the judgment ordering the sale is absolutely void. In all other cases he is, after the sale is confirmed, without relief. A judgment is void when, at the time the court attempts to render it, some jurisdictional fact is absent, without the existence of which the court is without authority to act at all; but, when the court ordered this sale, it had jurisdiction of the parties and of the subject-matter. There is no suggestion of anything that was wanting; hence the judgment ordering the sale was not void, and the purchaser at that sale, having allowed it to be confirmed and having allowed the term of court at which it was confirmed, to close, is now without relief.

The trial court properly sustained the demurrer to this petition, and its judgment is affirmed.