## Bailey v. Bailey et al.

May 16, 1941.

Benjamin Mazin for appellant.

Lee S. Jones for Hughes' trustee.

Garner Clark for Standard Furnace & Range Co.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Emma Bailey, is appealing from a judgment denying her the fee simple title to a house and lot in Louisville and subjecting the property, which was adjudged to be owned by the appellee, Mildred Bailey, to mechanics' liens claimed by the appellees, Hughes' Trustee and the Standard Furnace and Range Company.

The appellant, prior to the year 1929, obtained a divorce from appellee, John W. Bailey, and was awarded alimony payable monthly. In 1929 and 1931 she ob-

tained two common law judgments against him for unpaid alimony amounting to $184. In 1933 Bailey became the owner of the property in controversy by inheritance from his mother and purchase from her other heirs at law.

On March 9, 1933, appellant caused execution to issue on the two judgments and they were levied on the property. On the same day she filed lis pendens notice in the county clerk's office pursuant to Kentucky Statutes, Section 2358a-2.

On April 29, 1933, about six weeks after the levy, Bailey conveyed the property to appellee, Mildred Bailey, whom he had supposedly married and with whom he was living—she was the divorced wife of his son. The consideration recited in the deed was "love and affection." There was some attempt to show that a valuable consideration was paid but the evidence wholly fails to sustain this attempt and it seems to be apparent that the conveyance was made in an attempt to defeat the execution lien of appellant on the property.

In August, 1935, Mildred and John W. Bailey, who were living in the house, contracted with Hughes' Trustee and Standard for work to be done on the house, which had been damaged by fire. This work was done and these contractors filed mechanics' liens, the amount found to be due Hughes' Trustee being $811, while Standard's claim was for $131.

On October 6, 1936, approximately three years and seven months after the executions were levied, and after the institution of the present action, a writ of venditioni exponas was issued and the property sold on November 2, 1936. Appellant purchased the property at the sale for $318, the amount of her debt and interest together with the cost of sale. After the expiration of one year, during which there was no redemption by anyone claiming any interest in the property, a sheriff's deed was executed purporting to convey the fee simple title to appellant.

On March 20, 1936, Hughes' Trustee filed an action against Mildred and John W. Bailey to assert his mechanic's lien and Standard asserted its lien in that action, to which appellant also was made a party defendant as claiming an interest in the property. Appellant

filed an independent action against Mildred and John W. Bailey in which she sought to set aside the deed from John W. Bailey to Mildred Bailey and be adjudged the owner of the property. The two actions were consolidated and in the consolidated actions appellant's claim to the property was denied and, as the property of Mildred Bailey, it was ordered subjected to the mechanics' liens. The appeal is from that judgment.

No brief has been filed in behalf of appellees, Mildred and John W. Bailey, but we gather from the record that in denying appellants title to the property the chancellor was motivated either by the belief that appellant's execution lien was abandoned by her failure to enforce it within a reasonable time or by the belief that the sheriff's deed to appellant was champertous and void because Mildred Bailey was in the adverse possession of the property under her deed from John W. Bailey at the time of the execution sale and the execution of the sheriff's deed.

Prior to the enactment in 1896 of the lis pendens statute as to executions, Kentucky Statutes, Section 2358a-2, it was held that a delay of approximately three years in selling under an execution worked an abandonment of the execution lien as to creditors or persons acquiring intervening rights. Cook v. Clemens, 87 Ky. 566, 9 S. W. 820, 10 Ky. Law Rep. 604. However, in the later cases of Park v. McReynolds, 111 Ky. 651, 64 S. W. 517, 23 Ky. Law Rep. 894 and Donacher v. Tafferty, 147 Ky. 337, 144 S. W. 13, it was held that since the adoption of the lis pendens statute a delay such as occurred in the instant case did not amount to abandonment of the lien. It is clear that under the rule enunciated in the last two cited cases the appellant's execution lien and right of sale thereunder were not lost by the delay in causing the sale to be made.

It is equally clear that the sheriff's deed to appellant is not void as being champertous. While the champerty statute, Kentucky Statutes, Section 210, is applicable to sales under execution, it is obvious that the purpose of that statute was to render void an execution sale pursuant to a *levy* made while the land was in the adverse possession of another—where the levy is made while the land is in possession of the execution defendant a transfer by him and placing another in possession does not render the execution sale void as being cham-

pertous. Any other construction of the champerty statute would, in effect, nullify the purpose of the lis pendens statute. Even before the adoption of the lis pendens statute it was held that a sale and conveyance based upon an execution lien transferred to the purchaser all the title which the defendant held when the original lien attached. Greer v. Wintersmith, 85 Ky. 516, 4 S. W. 232, 9 Ky. Law Rep. 96, 7 Am. St. Rep. 613. And in Kentucky River Coal Corporation v. Culton, 276 Ky. 418, 124 S. W. (2d) 82 it was held that a sheriff's deed relates back to the time of levy and the title vests as of the date of the levy under which the sale was made.

We conclude that the sale under execution was valid and that the sheriff's deed pursuant thereto vested the fee simple title in appellant and that the chancellor was in error in holding to the contrary.

It is contended by Hughes' Trustee that appellant is estopped to assert her title as against his mechanic's lien. This appellee also contends that in his reply to the answer of appellant he pleaded facts constituting an estoppel which were not denied by appellant and therefore appellant is in no position to question his lien.

Assuming that it was necessary under the circumstances, for appellant to respond to this appellee's plea of estoppel, we are of the opinion that the facts plead therein were not sufficient to constitute an estoppel. The substance of this plea was that appellant after the levy of her execution lien collected alimony installments from John W. Bailey until February, 1938, and permitted Bailey to collect insurance on the property when it was damaged by fire and to pay some part thereof to her and permitted Bailey to convey the property to Mildred Bailey without taking any further steps on the judgments or execution and that without knowledge of appellant's claim he entered into the contract with Mildred Bailey for repairs on the property.

We see nothing in these facts to constitute an estoppel against appellant to assert her title. Had it been alleged that the insurance money was paid to appellant in satisfaction of her judgments and execution lien, a different question would be presented but we can only assume, in view of the allegations made, that payments to her out of the insurance money were payments on current alimony. While this appellee alleges it had no

knowledge of appellant's claim, actual knowledge was not essential. By virtue of a properly recorded lis pendens notice this appellee was charged with knowledge of appellant's execution lien and of her right to cause the property to be sold pursuant thereto. The so-called plea of estoppel amounts, in effect, to nothing more than a plea that appellant's execution lien and right of sale were abondoned by her failure to cause the sale to be made promptly, a question which has heretofore been disposed of.

Standard takes the position that this appeal does not involve its rights and that if the judgment is reversed it will have the right to amend its pleadings and proceed further in the lower court. Its theory is that it asserted its lien in the action filed by Hughes' Trustee against the Baileys to which appellant was not a party and that therefore there was no issue between it and appellant. However, the appellant was made a party to that action by amended petition and set up her claim to the property and that action was also consolidated with the action of appellant against Mildred and John W. Bailey. Thus, all matters pertaining to the rights of all parties were before the court for adjudication and consequently are before us now. The appellee, Hughes' Trustee, recognizes this since it has filed a brief on the merits of the controversy between him and appellant. Standard's claim stands on the same footing as that of Hughes' Trustee and its claim to a lien should have been denied.

Judgment reversed with directions to enter a judgment in conformity with this opinion.