## Mullins v. Staton et al.

June 20, 1941.

Stratton & Stephenson for appellant.

Willis Staton and O. T. Hinton for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The record before us presents an almost inextricable tangle between the two actions which were consolidated in the circuit court resulting in a judgment awarding the appellant, Nancy B. Mullins, a lien for approximately $800 (representing a judgment in the sum of $526.31 together with interest and costs) on a house and lot to which the appellee, Eliza Staton, had legal title, and denying a motion of appellant for a writ of possession for the house and lot for which she held a sheriff's deed pursuant to an execution sale. Appellant appeals from the judgment denying her motion for a writ of possession, and the appellee, Eliza Staton, prosecutes a cross-appeal from that part of the judgment awarding the appellant a lien on the house and lot.

On February 23, 1931, the property in question was owned by Josephine Staton, former wife of appellee, Willis Staton, and on that date they conveyed the property to Troy Staton, Trustee, he being a son of Willis Staton, the deed being lodged for record on May 6, 1931. On September 23, 1931, in an action styled "Kelly Bros. v. Willis Staton" in the Pike circuit court, a judgment was rendered in favor of appellant against Willis Staton, Josephine Staton and another for $526.31 on a cross-petition. Execution issued on the judgment and on November 12, 1931, was levied on the interest of Willis Staton in the property, the title of record to which was then in the name of Troy Staton, Trustee— no lis pendens notice was filed.

On March 18, 1932, the appellant filed an equitable action alleging that she had obtained the above mentioned judgment and had execution issued thereon and levied on the property, and further alleging that by rea-

son of liens and other interests no sale was made under the levy. It was alleged that on February 23, 1931, the deed to Troy Staton, Trustee, was executed without valuable consideration and that the trustee held the property in trust for Willis Staton. A sale of the property was sought to satisfy the judgment and execution lien.

On March 11, 1932, a deed of release from J. E. Stanley and T. J. Phillips was executed to Troy Staton releasing the property from the lien of an unrecorded mortgage to J. E. Stanley of April 18, 1928, and of an unrecorded mortgage to Phillips. On September 26, 1936, Willis Staton and McIntyre conveyed the property to Eliza Staton (Josephine Staton, former wife of Willis Staton, had died and Eliza Staton was his present wife), but this deed was not lodged for record until May 12, 1937. On the latter date a deed from Troy Staton to Willis Staton was lodged for record and, simultaneously therewith, the deed from Staton and McIntyre to Eliza Station was also lodged. On July 9, 1937, a writ of venditioni exponas was issued directing the sale of the property pursuant to the execution levy, and on September 6, 1937, the property was sold under the execution, appellant becoming the purchaser for $817.50, the amount of her debt, interest and cost. This was less than two-thirds of the appraised value but, no redemption having been made, the sheriff made an execution deed to appellant on September 17, 1938. On February 8, 1939, she filed motion for a writ of possession, the motion being captioned "Kelly Bros. v. Willis Staton," purportedly the action in which appellant obtained judgment on her cross petition, although the correct style of that action was "Kelly Bros. v. J. M. Mullins." The latter action was thereafter apparently carried on the docket under the style "Kelly Bros. v. Willis Staton, etc."

Appellees, Eliza Staton and Willis Staton, filed exceptions to the sheriff's report of sale under the execution, the grounds contained therein being in substance that Eliza Staton was the owner of the property and was in no way liable under the judgment or execution in the Kelly Bros. case. Thereafter Eliza Staton filed what is designated "petition amending the petition of Eliza Staton to be made a party." This was treated as the intervening petition of Eliza Staton to be made a

party to the suit and asserting her title to the property sold by the sheriff. Appellant filed demurrer and response to the intervening petition and proof was taken. After the taking of the proof, an order of consolidation was entered consolidating the two cases of "Nancy B. Mullins etc. v. Willis Staton, etc., equity No. 4801" and "Nancy B. Mullins v. Willis Staton, etc., motion for writ of possession." It will thus be seen that the original action in which appellant obtained the judgment on her cross petition was again mis-styled under another name. It is apparent, however, that the purpose of the order was to consolidate the equity action with the original action in which appellant obtained the judgment on her cross-petition, and we have little doubt that it was so understood by the parties. We therefore see no merit in appellees' contention that there was no consolidation of the two causes such as to warrant the rendition of a judgment awarding appellant a lien on the property if she was otherwise entitled thereto.

A recital of the foregoing facts makes it apparent that appellant by the filing of her action in equity seeking a sale of the property to satisfy her execution lien abandoned her right to have the property sold at execution sale more than six years after the levy of the execution and more than five years after the filing of her action in equity. It is possible that had appellant filed a lis pendens notice of the execution pursuant to Kentucky Statutes, Section 2358a-2, no abandonment of her execution lien would be adjudged. See Park v. McReynolds, 111 Ky. 651, 64 S. W. 517; Donacher v. Tafferty, 147 Ky. 337, 144 S. W. 13. But, where a lis pendens notice is not filed, a delay of several years in selling under an execution works an abandonment of the lien as to creditors and persons acquiring intervening rights. Cook v. Clemons, 87 Ky. 566, 9 S. W. 820. Aside from the question of abandonment, however, appellant by the filing of the action in equity elected to proceed thereby to secure satisfaction of her execution lien and, having done so, could not five years thereafter withdraw this election and proceed to sell under execution. This being true, the sale under execution and the sheriff's deed obtained pursuant thereto were ineffective and the chancellor was correct in denying appellant's motion for the writ of possession.

Coming now to the cross-appeal of appellee, Eliza

Staton, we find that the transactions by which she obtained title to the property were very involved and the explanations given therefor by appellee, Willis Staton, are rather hazy and unsatisfactory (appellee, Eliza Staton, did not testify nor did J. M. McIntyre to whom there was purportedly an unrecorded mortgage). The deed. of February 23, 1931, to Troy Staton, Trustee, recited a consideration of $5,000. Troy Staton testified that no consideration was paid. The purpose of that deed was to divest Josephine Station, then wife of appellee, Willis Staton, of her title. No other deed or title paper purporting to pass title to the property was recorded until May 12, 1937, during all of which time the title of record was in Troy Staton, Trustee. At the time the execution was issued and levied, the legal title was in Willis Staton pursuant to deed of date, February 23, 1931, from Troy Staton to Willis Staton, although this deed was not recorded until May 12, 1937. While appellee, Willis Staton, testified as to payments made by appellee, Eliza Station, constituting a consideration for the property, the chancellor found that she was not an innocent purchaser and that the transactions by which she obtained legal title to the property were fraudulent and entered into for the purpose of defeating the claim of appellant. At the most we can only say that the record is such as to leave in our minds a doubt as to the correctness of the chancellor's finding and, this being true, it is our duty to sustain it.

Judgment affirmed on the appeal and on the cross-appeal.