(May 13, 1898.)

## STATE EX REL. CHEMUNG MINING COMPANY v. CUNNINGHAM, ADMINISTRATOR.

[53 Pac. 451.]

SALE OF REAL ESTATE BY ADMINISTRATOR.—Under the provisions of section 5491 of the Revised Statutes, all sales made by an administrator of the estate of a deceased person must be reported under oath to, and confirmed by, the probate court before the title of the property sold passes.

SAME—RETURN OF SALE—CONFIRMATION BY THE COURT.—No title passes until return of sale is made under oath and confirmed by the court, nor can the administrator legally convey the title until such report and confirmation are made.

ADMINISTRATOR MUST EXECUTE CONVEYANCE—MANDAMUS WILL LIE TO COMPEL.—It is the official duty of an administrator, enjoined by statute, to execute a conveyance of real estate after return of sale has been made, as required by law, and confirmed by the court, and to execute a conveyance therefor as directed by the order of confirmation. In cases of refusal, *mandamus* will issue to compel him to act.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

John R. McBride, for Appellant.

The writ of *mandamus* does not lie in any case where a doubt arises as to the duty of the person sought to be made to perform.

It lies in a case free of doubt and when there is no other remedy. (*Harpending v. Haight,* 39 Cal. 189, 2 Am. Rep. 432; *Fulton v. Hanna,* 40 Cal. 278; *People v. Supervisors,* 28 Cal. 429; *Williams v. Smith,* 6 Cal. 91; *Goodwin v. Glazer,* 10 Cal. 33; *Fogarty v. Sparks,* 22 Cal. 143; *People v. Olds,* 3 Cal. 167, 58 Am. Dec. 398; *Middleton v. Low,* 30 Cal. 596; *Hewill v. Lane,* 53 Cal. 213.) The court will refuse the writ, if, upon granting it the object could not be accomplished. (*People v. Tremain,* 17 How. Pr. 142; *People v. Supervisors,* 21 How. Pr. 335; affirmed in 22 How. Pr. 276.) The petitioner had a complete remedy by an appeal from the decree of the probate court, entered July 26, 1897, affirming the sale to Hanly. (Idaho Rev. Stats., sec. 4831.) In *Grignon v. Astor,* 2 How. (U. S.) 319, it was held that if the court—the probate court—had jurisdiction over the subject, errors and irregularities in the procedure were the subject of correction by appeal only. (*Comstock v. Crawford,* 3 Wall. 402.)

A. G. Kerns, for Respondent.

An objection to the sufficiency or form of the petition and affidavit should have been taken by motion or demurrer, where the defect, if any, might have been remedied by amendment. Objections to the form of action brought cannot be taken for the first time on appeal; unless taken on the trial they are considered waived. (*People v. McLean,* 80 N. Y. 254.) Or that the suit should have been brought in equity instead of at law. (8 Ency. of Pl. & Pr. 177.) The act of the probate judge, assuming to act as the probate court, in deliberately changing the name of the purchaser in whom the sale was orally announced by the court to have been confirmed, was an excess of jurisdiction and void. (2. Lawson's Rights, Remedies and Practice, sec. 953, and cases cited.) A defense in *mandamus* proceeding must exist in favor of the defendant. He cannot set up pretended rights existing in strangers based upon his own illegal and void actions, by way of defense. (Merrill on Mandamus, secs. 53, 54, 55 et seq.; p. 59; *Williams v. Clayton,* 6 Utah, 86, 21 Pac. 398; *People v. Mayor of New York,* 10 Wend. 393-397; *People v. Fleming,* 4 Denio, 137, 2 N. Y. 484.) An action for

damages for failure to perform a ministerial duty is not an adequate remedy in law. (High on Extraordinary Legal Remedies, 35; Merrill on Mandamus, sec. 53; *Fremont v. Crippen*, 10 Cal. 212, 70 Am. Dec. 711; *Adriance v. Supervisors of New York*, 12 How. Pr. 224; *Buck v. City of Lockport*, 6 Lans. 251, 43 How. Pr. 361; Merrill on Mandamus, secs. 85, 86; High on Extraordinary Legal Remedies, sec. 96; *State v. Le Fevre*, 25 Neb. 223, 41 N. W. 184; *Moore v. Muse*, 47 Tex. 214.) A want of jurisdiction in a court rendering a judgment may be shown collaterally whenever any benefit or protection is sought under the judgment. (1 Black on Judgments, secs. 170, 218, 250, 275, 633; *Putnam v. Man*, 3 Wend. 202, 20 Am. Dec. 686; *Fitzhugh v. Custer*, 4 Tex. 391, 51 Am. Dec. 728; *Thoureine v. Rodrigues*, 24 Tex. 468; *Hill v. City Cab Co.*, 79 Cal. 188, 21 Pac. 728; *Tyson v. Belcher*, 102 N. C. 112, 9 S. E. 634.)

SULLIVAN, C. J.—This is a proceeding brought in the district court for a writ of mandate to compel the defendant, Cunningham, as administrator, to execute a conveyance of an undivided one-third interest in a certain mining claim situated in Shoshone county. The facts are as follows: Clarence Cunningham, as administrator of the estate of David McKelvey, deceased, made application to the probate court of Shoshone county for an order to sell an undivided one-third interest of the Skookum lode mining claim. On said application an order of sale was granted, and the administrator caused notice to be posted and published for bids for the sale of said property, as required by the order of sale, and received but one bid thereunder for said property. Said bid or offer was made by the Chemung Mining Company, and the price offered was $700, that being the only bid received under said notice. The said administrator made his return of sale to the said probate court, wherein he reports, *inter alia,* as follows: "I did on said day sell said real estate to the Chemung Mining Company, the purchaser thereof, and request that said sale be confirmed." Said return is dated June 15, 1897. Said sale was confirmed by said court on the thirteenth day of August, 1897. It appears from the transcript that an order confirming a sale of said real estate was made on the twenty-sixth day of July, 1897. Said order

recites the facts of said return having been made, and of the sale of said real estate to Kennedy J. Hanly for the sum of $700, instead of to the Chemung Mining Company, as actually shown by said return.   There is sufficient in the record to show why that change was made.   The return of the administrator showed that the only offer or bid received at said sale was one from the Chemung Mining Company, and the court was induced to believe that said Kennedy J. Hanly, who was one of the directors of said corporation, was the proper person to take the title to said real estate, and for that reason confirmed the sale and ordered the conveyance to be made to him; whereupon said administrator executed a conveyance to said Hanly.   Thereafter said court set aside said last-mentioned order, and confirmed said sale to the Chemung Mining Company, and directed said administrator to convey a one-third interest in and to said Skookum mining claim to said company, which order said administrator refused to obey.   Thereupon application was made to the judge of the district court in and for said Shoshone county for a writ of mandate to compel said administrator to convey said real estate to the Chemung Mining Company as directed by said last-mentioned order of the probate court.   Said administrator answered the application or petition for said writ by setting forth the facts substantially as above set forth, and stating that under the order confirming the sale to Hanly he had received the purchase price from him, and executed a deed conveying to him the undivided one-third interest in and to said mining claim: and the matter was heard, and peremptory writ granted, whereby said administrator was required to convey said undivided one-third interest in and to said Skookum lode mining claim to said Chemung Mining Company.   This appeal is from the judgment of the court granting said writ.

It is contended that the plaintiff or petitioner had a plain, speedy and adequate remedy at law by appeal from the order confirming the sale to Hanly.   In answer to that contention it is sufficient to say that the probate court set aside said order confirming the sale to Hanly on the thirteenth day of August, 1897, and entered an order confirming the sale to the Chemung Mining Company; and, further, that the order confirming the

sale to Hanly was absolutely void, for the reason that the sale to Hanly was not reported "under oath" to said court, as required by the provisions of section 5491 of the Revised Statutes nor was it reported at all in writing to said probate court. The administrator is required to make a return of his proceedings of any sale of real estate, which return must be filed in the office of the clerk of said court. Section 5491 of the Revised Statutes, is as follows: "No sale of any property of an estate of a decedent is valid, unless made under order of the probate court, except as otherwise provided in this chapter. All sales must be reported under oath and confirmed by the probate court before the title to the property sold passes." There was no return of a sale to Hanly, and the order confirming a sale to him was void. Said section 5491 of the Revised Statutes is mandatory, and until a sale is reported under oath the court has no basis for an order confirming a sale. No title can pass until at least two steps are taken, to wit, a return of sale made under oath, and its confirmation by the court. No title passed to Hanly by the conveyance executed by Cunningham, as administrator, to him. It was the official duty of said administrator, enjoined by statute, to execute a conveyance to said mining claim to the Chemung Mining Company, as directed by said order confirming the sale; and, as he refused to do so, said company was entitled to a writ of mandate, upon a proper showing, to compel him to perform his duty in that regard, as no other plain, speedy and adequate remedy is provided for such cases. The judgment appealed from is affirmed, and costs of this appeal are awarded to the respondent.

Huston and Quarles, JJ., concur.

## ON REHEARING.

### (June 13, 1898.)

HUSTON, J.—In filing petitions for rehearing the counsel are too often unmindful of or overlook the fact that this court in its investigation is of necessity confined to the record. If the record is incorrect, or fails to truly and fully present the facts, there are methods provided by our rules for its correc-

tion. But upon the record as presented we are compelled to predicate our conclusions. The petition in this case contains the following: "1. The court was misled as to a matter of fact to which it is quite clear it attached great significance, viz.: in that part of the decision which assumes that Hanly in some way imposed upon the probate court, and induced the judge thereof to believe that his bid was identical with that of the Chemung Mining Company, and by relying upon the further fact that Hanly was an officer of the Chemung Mining Company"; and counsel adds, "This state of the facts is not true, nor is there any proof of it." The record, presumably prepared by, or under the direction of, counsel himself, contains the following statement as in the record of the probate court (Trans., p. 5, fol. 16): "And it appearing to the satisfaction of the court that such order confirming said sale in Kennedy J. Hanly was obtained by misrepresentation and fraud upon the part of the said Kennedy J. Hanly in pretending to represent the said Chemung Mining Company." And this statement of the probate judge is nowhere disputed in the record and is first called in question by the petition for a rehearing. Now, which of these two statements, so palpably in conflict, are we to accept as the basis of our conclusions? "A question not to be asked." Counsel, in his petition, says this statement of the probate judge "was not proven." But we are told by counsel that the decrees of the probate court import verity. Certainly, then, the undisputed official statement of the probate court in its order confirming the sale, and which appears in the record presented by counsel himself to this court, and the correctness of which he is presumed to vouch for, and to which alone we are confined for our knowledge of the facts in the case, and which the district court has found to be correct and has made the basis of its judgment, are not to be overturned or set aside upon the bare statement of counsel in his petition for a rehearing. But counsel contends that respondent had a "speedy and adequate remedy at law" by appeal. Appeal from what? The order of the probate court confirming the sale in Hanly? That order had been set aside by the probate court upon the ground that it had been procured by the misrepresentations and fraud of Hanly;

and the probate court, recognizing probably a rule which counsel for petitioner seems to overlook, that "fraud vitiates everything," made an order confirming the sale in the party who it is admitted was the party to whom the sale had been made, and and who was the highest and only bidder at the sale, and the sale to whom had been confirmed by the probate court, but who was deprived of the fruits of his purchase, to wit, a deed of conveyance from the administrator, by the fraudulent misrepresentation of Hanly that he was himself the purchaser—the Chemung Mining Company incarnate. It seems to us under the conditions shown by the record, the only appeal respondent could have desired was from the refusal of the administrator to execute the conveyance in accordance with the order of the probate court, as it was in this refusal only that he was aggrieved. And his only "speedy and adequate remedy" was in a writ of mandate to compel the administrator to execute the conveyance that he was entitled to, and that he obtained; and from the case as presented to us in the record we think the action of the district court in granting such writ was correct. Counsel's contention that by the action of the probate court on the 26th of July the matter became *res adjudicata* is not maintainable, either upon principle or authority. The right "to amend and control its process and orders so as to make them conformable to law and justice" is expressly given to every court by the provisions of subdivision 8 of section 3862 of the Revised Statutes of Idaho, and this power was exercised by the probate court in proper time. Rehearing denied.

Sullivan, C. J., and Quarles, J., concur.