[No. 12965.   *En Banc.*   April 29, 1916.]

THE STATE OF WASHINGTON, *on the Relation of A. J. Beach, Respondent,* v. ANDREW OLSEN *et al., Appellants.*[1]

COUNTIES—CLAIMS—PRESENTATION — SALARY OF GAME WARDEN — STATUTES. Claims for the salary of county game wardens must be presented to the county commissioners, under 3 Rem. & Bal. Code, § 5395-34, providing that all payments made under .the game code shall be audited as are other claims against the county, and 2 Id., § 3918, providing that the county auditor shall audit all claims against the county and present the same to the county commissioners for allowance.

SAME—CLAIMS AGAINST GAME FUND—POWERS OF COUNTY COMMISSIONERS—STATUTES. The game code (3 Rem. & Bal. Code, §§ 5395-2, 5395-34) having provided that the county game commission shall fix the salary of game wardens and pass upon the propriety of expenditures, the county commissioners, in the allowance of claims against the county game fund, cannot determine the salary or the propriety of the expenditures, but act in an administrative or ministerial capacity with the right only to reject illegal claims.

MANDAMUS—WHEN LIES—TO COUNTY BOARDS—ISSUANCE OF WARRANTS. Mandamus lies to compel the issuance of county warrants against the county game fund in payment of the salary and expenditures of game wardens.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered May 3, 1915, in favor of the plaintiff, in mandamus proceedings, tried to the court. Reversed.

*F. W. Moore,* for appellants.

*The Attorney General* and *Edward W. Allen, Assistant, (Bryan & Colvin,* of counsel), for respondent.

MAIN, J.—This is a companion case to that of *State ex rel. Lopas v. Shagren, ante* p. 48, 157 Pac. 31. The principal question here presented is discussed and decided in that case. There are two or three minor questions, however, in this case, which are not covered in the other opinion.

[1]Reported in 157 Pac. 34.

In this case, the claims involved are the salary of the county game warden for the month of March, 1915, for $100 and for $32.80 which was expended by the game warden in the performance of the duties of his office. The trial court entered a judgment in which the county auditor was directed to issue warrants for these claims. The judgment also ordered that the county commissioners desist from in any manner interfering with the issuance of any warrants by the county auditor, and also desist from considering any claims for salary or otherwise which might be presented by the county game warden.

The first question is whether the claims for salary of the county game warden and the moneys expended by him in the performance of the duties of his office should be presented to the board of county commissioners for examination and allowance. In § 34 of the game code, Laws of 1913, ch. 120, p. 372, it is provided that:

"All payments made under the provisions of this act shall be made by warrant in the usual manner, and shall be audited by the . . . county officers in the same manner as other claims against the . . . various counties are audited." 3 Rem. & Bal. Code, § 5395-34.

By this provision of the game code, all claims are to be audited in the same manner as other claims against the various counties. The manner of auditing claims presented against the various counties is found in Rem. & Bal. Code, § 3918 (P. C. 115 § 115), wherein it is provided that:

"He [the county auditor] shall audit all claims, demands and accounts against the county which by law are chargeable to said county . . . Such claims as it is his duty to audit shall be presented to the board of county commissioners for their examination and allowance. . . ."

It will be noticed that, by this statute, it is the duty of the auditor to audit claims and then present them to the board of county commissioners for their "examination and allowance."

If the salary of the game warden and his expenses are to be audited in the same manner as other claims against the various counties, as stated in the game code, it is necessary that they be presented to the board of county commissioners for examination and allowance. The two statutes do not seem to be susceptible of any other construction. It follows that the trial court was in error in not directing that the claims be presented to the board of county commissioners for examination and allowance.

The next question is whether the board of county commissioners, in the examination and allowance of the claims of the county game warden, had a right to pass upon the propriety of the expenditures. This question will be answered by a reference to the game code. In § 2 (3 Id., § 5395-2) of that act, it is provided that the county game warden shall receive a salary of not less than twenty-five dollars per month nor more than one hundred and twenty-five dollars per month, "the amount of which shall be fixed by the county game commission of each county and shall be paid solely out of the money received from county game licenses and fines, and no salary shall be fixed by said commission in excess of the amounts of the receipts herein provided for."

In § 34 (3 Id., § 5395-34) of the game code, it is provided that ninety per cent of all moneys received in any county from the sale of county hunting and game fish licenses, and from fines and costs, shall be expended in said county from which the same are collected,

". . . and shall be so spent in the payment of salaries and expenses of the county game wardens or special deputies appointed in said county by the county game commission, and for the protection, introduction, propagation and purchase of animals, birds and game fishes in said county, and in the enforcement of the game and game fish laws within said county from which said moneys are received."

By these provisions of the statute, it appears that the salary and expenses of the county game warden are to be paid

out of the game funds in the county treasury which have accrued under the provisions of that act and cannot be paid out of any other funds. These provisions of the code also delegate to the county game commission the power to determine the salary of the county game warden within the limits fixed, and to pass upon the propriety of the expenditures made by such county game warden in the performance of the duties of his office. The law having given the county game commission the right to fix the salary and pass upon the propriety of the expenditures, it would follow that the board of county commissioners, in their examination and allowance of the claims presented against the county game funds, do not have the right to determine the salary or the propriety of the expenditures. The board of county commissioners, in examining and allowing claims drawn against the county game fund, is acting in an administrative capacity or performing ministerial duties. It is not acting in a quasi judicial capacity or exercising discretionary power. Such board, even though acting in their administrative or ministerial capacity, has the right to reject claims which are illegal. This is the power which the board sought to exercise in this case, and claims were rejected because, in the opinion of the board, the expenditures for which the claims were presented were illegal.

One other point should be noticed, and that is, the contention that mandamus is not the proper remedy. Discussion of this question is unnecessary, as the cases of *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207, and *State ex rel. Barto v. Board of Drainage Com'rs,* 46 Wash. 474, 90 Pac. 660, sustain the right to proceed by mandamus in this case.

The cause will be remanded with direction to the superior court to enter a judgment in accordance with the views expressed in this opinion. Costs to respondent.

MORRIS, C. J., MOUNT, PARKER, FULLERTON, ELLIS, HOLCOMB, and BAUSMAN, JJ., concur.