[No. 16608.  Department Two.  September 2, 1921.]

THE STATE OF WASHINGTON, *on the Relation of James R. Royse, Plaintiff,* v. THE SUPERIOR COURT FOR SAN JUAN COUNTY, *E. H. Hardin, Judge, Respondent.*[1]

ATTORNEY AND CLIENT (1)—ADMISSION TO PRACTICE.  Under Laws 1917, ch. 115, § 17, the board of state law examiners is charged with the duty of examining into the fitness of an attorney from another state who applies for a permanent certificate to practice law.

COSTS (47)—COUNTIES (52)—EXPENSES AND CHARGES—LIABILITY FOR STENOGRAPHER'S FEES—STATUTES.  Under Laws 1917, ch. 115, § 18, where an investigation is held by the state board of law examiners upon the application of an attorney to admission to practice in the state, the county is liable for the stenographer's fees and costs of the investigation, subject to the approval of the items thereof by the court or presiding judge of the county.

MANDAMUS (28)—TO COURTS—ALLOWANCE OF COST BILL—MINISTERIAL DUTIES.  The duty of the court to direct payment of a cost bill for the expenses of investigation of the fitness of an attorney to practice law, after approval of the items, being a ministerial one, mandamus will lie to compel its performance by the court.

Application filed in the supreme court June 17, 1921, for a writ of mandamus to compel the superior court for San Juan county, Hardin, J., to allow a cost bill in proceedings had before the state board of law examiners.  Granted.

*The Attorney General* and *O. R. Schumann, Assistant,* for relator.

*Samuel R. Buck,* for respondent.

TOLMAN, J.—This is an original proceeding in mandamus to require the respondent, as judge of the superior court for San Juan county, to allow a cost bill incurred in certain proceedings had before the state board of law examiners.

It appears that one Elmon A. Geneste, residing in San Juan county, and there practicing law under a

[1]Reported in 200 Pac. 562.

temporary license, made application for a permanent license to practice before the courts of this state. Objections to the issuance of such a permanent license having been made, the board of law examiners, proceeding regularly, caused a complaint to be filed and a hearing thereon to be had in the county where the applicant resided. Witnesses were subpoenaed and examined, a court reporter was employed to take and transcribe the testimony, and thereafter the board duly prepared, certified and filed with the Honorable William H. Pemberton, then a judge of the superior court for San Juan county, a cost bill and statement of the expenses so incurred, which cost bill shows that the relator, who was the reporter so employed, is entitled to receive $394.93 for services rendered in the hearing referred to; whereupon Judge Pemberton entered an order which provides:

"It is hereby ordered: (1) That the several items set forth in said cost bill were justly and properly incurred, and said persons named in said cost bill are justly entitled to compensation therefor, and that said cost bill and said items are found in all things to be correct and proper, and are hereby approved. (2) That said cost bill so approved be and is hereby disallowed as not being within the purview of § 18, of ch. 115, of the Session Laws of 1917."

Shortly thereafter the term of office of the judge who made the order expired, and respondent having declined to enter an order directing the payment of the several items set forth in the cost bill, upon the ground that the previous order was a final one, this action was instituted.

It will be borne in mind that the proceeding in which the costs were incurred was pending before the board of law examiners and the superior court was in no wise concerned therewith, except that the fees and

expenses therein incurred are, by the statute, required to be approved by the court or presiding judge thereof, before the county shall become liable for their payment.

Chapter 115, p. 429, § 17, Laws of 1917, makes it the duty of the board of law examiners to pass upon all applications for the right to practice law in this state, and likewise makes it the duty of the board to ascertain that the holder of a temporary certificate, who makes application for a permanent one, is of good moral character and a proper person to practice law in this state, before certifying to this court that the certificate should be granted, and,

"The board shall enforce all the laws and ethics relating to the duties of attorneys, or other persons practicing or claiming the right to practice law, or to act as licensed law clerks, within this state. All complaints alleging acts of immoral or unprofessional conduct, or conduct in violation of the purpose and spirit of this act shall be filed with the board by any person knowing of such acts or conduct, or by the board itself upon its own motion."

Section 18, p. 429, of the act, so far as here in question, reads:

"For the purpose of this act the board or any member thereof shall have the power to issue subpoenas for the attendance of witnesses or the production of books or documents. Such subpoenas shall be served in the manner of serving subpoenas in civil cases in the superior courts of this state and the person so served shall comply with the requirements of such subpoena. The defendant shall be allowed the usual defenses and the issuance of such subpoenas as he may desire and as the board or member or members conducting such hearing may deem necessary. Witnesses shall testify under oath, which oath may be administered by any member of the board, and testimony shall be taken in writing or by deposition under such rules

as the board may provide.  The prosecuting attorney of the county in which the defendant resides shall assist the board in' the conduct of its hearings, or the board may request the attorney general to assist in such hearings, and when so requested it shall be his duty to so assist.  When feasible the court reporter or stenographer authorized to report the proceeding in courts within the county where the defendant resides shall be the reporter for hearings conducted by the board, or the members thereof, as in this act provided; and ,such county, upon the approval by the court or presiding judge thereof, shall be liable for the witness and stenographer fees and other like expenses incurred in the conduct of such hearings.''

There can be no doubt that it is as much the duty of the board to examine into the fitness of an attorney from another state who seeks admission here, as it is to hear charges against one already admitted.  The hearing in question was fully authorized by § 18 from which we have quoted.  Consequently the expenses attendant thereon were likewise duly authorized, and the liability therefor of the county where the hearing was held is by the statute clearly fixed, subject only to the approval of the cost bill or items by the court or judge.  This being so, it seems to follow that the court or judge thereof in such a matter may exercise discretion only in the allowance or disallowance of the particular items, as it may appear that they are reasonable or otherwise, or that the services were actually rendered as claimed.  Having found the items in the cost bill here involved correct, proper and justly incurred, his duty to direct their payment became purely a ministerial one, and since it is the settled law of this state that mandamus is the proper remedy in cases where the duty sought to be performed is ministerial, the writ will issue as prayed for.

PARKER, C. J., HOLCOMB, MAIN, and MITCHELL, JJ., concur.