[No. 19111.   Department One.   March 23, 1925.]

Revelare International Secret Service, *Respondent,*
v. Whatcom County, *Appellant,* E. C. Baxter
*et al., Defendants.*[1]

Appeal (264)—Record—Evidence in Equitable Suit.  In the absence of the evidence, error cannot be assigned on a finding that the cause was submitted and the case tried upon the theory that the action was for the recovery of a money judgment.

Counties (42)—Contracts—Expenditure of Liquor Investigation Funds—Powers of Officers—Statutes.  The prosecuting attorney and county commissioners are required to approve legal expenditures of the sheriff in liquor prosecutions, under Rem. Comp. Stat., § 4940, providing that 50% of all fines collected for the violation of the liquor laws shall be kept as a special fund to be used for the purpose of obtaining evidence in other cases, to be drawn upon vouchers by the sheriff and approved by the prosecuting attorney and county commissioners.

Appeal from a judgment of the superior court for Whatcom county, Bell, J., entered November 21, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Sather & Livesey,* for appellant.

*F. M. Hamilton* and *Walter B. Whitcomb,* for respondent.

Askren, J.—The plaintiff brought this action to recover upon a contract entered into by Will D. Wallace, as sheriff, and Loomis Baldrey, as prosecuting attorney of Whatcom county.  The complaint alleged that a contract had been duly executed which called for special liquor investigation by the plaintiff at the instance of the sheriff and prosecuting attorney; that services were duly performed under the contract by the plaintiff; that certain sums were due thereunder; that

[1]Reported in 234 Pac. 10.

vouchers therefor had been issued by the sheriff upon the liquor investigation fund, created under ch. 30, Laws of 1919, p. 57 [Rem. Comp. Stat., § 4940], that the same were approved by the prosecuting attorney and were presented to the board of county commissioners, but that the board refused to approve the same. The plaintiff prayed judgment against the defendant Whatcom county and the special liquor investigation fund referred to, for an order commanding the county commissioners to audit and allow the claims of plaintiff, and for an order directing the county auditor to issue and deliver warrants upon such fund for the payment thereof. The court, after hearing the evidence, entered judgment against Whatcom county in the amounts prayed for, and this appeal followed.

Appellants contend, first, that the action was one for mandamus, and therefore the court improperly entered a money judgment. No statement of facts has been brought to this court, but the complaint shows that there was a demand for a money judgment against Whatcom county, and in the findings of fact entered by the court appears the following:

"  .  .  .  the cause was submitted to the court for trial, witnesses sworn and testimony given, after which argument was made by the respective counsel and the court being advised in the premises ruled that this action should be, and it is by it, deemed and held a civil action at law for the recovery of a money demand against defendant, Whatcom County, payable only from the funds created by the laws of 1919, Chapter 30, referred to herein as Liquor Investigation Fund, rather than a proceeding wherein the extraordinary legal remedy of mandamus is available,  .  .  ."

Having no record of the evidence before us, it is impossible to determine whether on the trial objection was made to the theory upon which the case was tried, so that the only question now before this court is

whether the findings of fact support the judgment.

The main question in the case arises over the interpretation of the special liquor investigation fund statute referred to. That statute, ch. 30, Laws of 1919, p. 57, after making provision for certain funds to be credited to the state school fund, provides:

"*Provided, however,* that fifty per cent (50%) of all fines collected for the violation of any of the provisions of Initiative Measure No. 3 enacted by the people November 3, 1914, shall be turned in to the county treasurer of the county wherein such violation occurred, to be kept as a special fund by said county treasurer and to be used for the purpose of obtaining evidence in other cases pertaining to the violation of the provisions of said Initiative Measure No. 3 enacted by the people November 3, 1914, said fund to be drawn upon by vouchers by the sheriff of the county wherein the said violations occurred and approved by the prosecuting attorney and a majority of the board of county commissioners of said county. A forfeiture of bail shall be considered as a fine. If at the end of any fiscal year there remains any surplus in said fund same shall be turned into the state current school fund." Rem. Comp. Stat., § 4940.

It is the contention of appellants that, under this section, the sheriff may not contract nor expend moneys out of this special fund except upon the approval of the prosecuting attorney and a majority of the board of county commissioners; while respondent's contention, which was upheld by the trial court, is that it was the intention of the legislature under this law to allow the sheriff to expend the moneys, and that the approval of the prosecuting attorney and the board of county commissioners is restricted to the question of determining whether or not the money was legally spent.

To properly understand this section we must first determine the character of this fund. If this is a

county fund, the county commissioners would have the right to pass upon its expenditure and would have discretionary power vested in them by the laws relating to county funds; and it would then appear that the provision requiring their approval was an unnecessary thing. But this is not a county fund. It is a fund over which the county commissioners have no control by general law. It is a state fund, and the moneys turned in to the county treasurer at the end of the year are turned over to the state school fund. The only provision is that, at any time during the year, there may be fifty per cent of it spent for liquor investigations. It seems apparent that, since this was a state fund over which the county commissioners would have no control, the sheriff had the right under this law to issue vouchers upon such fund and have them paid without any approval as to their legality by any person, unless this section provided for it, and it was to insure the legality of such expenditures that provision was made for the approval by the prosecuting attorney and the county commissioners. It should be borne in mind that the sheriff is the peace officer of the county, so elected by the people, and it is to him that the people look for the enforcement of the liquor laws. It could hardly have been the intention of the legislature to tie his hands so that either the prosecuting attorney or a majority of the board of county commissioners could prevent his use of this fund. In this connection it might be interesting to note the effect upon such a contract as the one in question if it must be approved by the county commissioners. Formal approval of this contract at the time of its execution by the board would call for spreading on the minutes of the board such action, and thus constitute it a public record. Investigation of liquor violations, as a matter

of common knowledge, requires secrecy, and any published record would defeat the end in view.

We conclude, therefore, that this statute authorizes the sheriff to expend moneys from this fund in the investigation of liquor violations and issue vouchers therefor, and that the approval of the prosecutor and the board of county commissioners required by the statute is administrative only, in which they act in a ministerial capacity, and are required to approve the expenditures if they are legal. *State ex rel. Beach v. Olsen,* 91 Wash. 56, 157 Pac. 34; *State ex rel. Royse v. Superior Court,* 117 Wash. 3, 200 Pac. 562.

The trial court found that the expenditures as made were provided for in the contract, were reasonable, were legally made, and were a proper charge against Whatcom county.

The judgment of the superior court is affirmed.

TOLMAN, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.