[No. 19237.   Department One.   October 30, 1925.]

THE STATE OF WASHINGTON, *on the Relation of E. W. Picco, Appellant,* v. A. E. GRAHAM, *as Prosecuting Attorney for Grays Harbor County, Respondent.*[1]

MANDAMUS (34)—SUBJECTS OF RELIEF—ACTS OF PUBLIC OFFICERS— MINISTERIAL ACT. Mandamus lies to compel the prosecuting attorney to approve a voucher by the sheriff for expenditures in the enforcement of the dry law, under Rem. Comp. Stat., § 4940; since he acts only in a ministerial capacity.

COUNTIES (71)—FISCAL MANAGEMENT—SPECIAL FUNDS—USE OF DRY LAW ENFORCEMENT FUND. The fund created by Rem. Comp. Stat., § 4940, "for the purpose of obtaining evidence" in liquor violation cases, may lawfully be used to purchase an automobile to be used by the sheriff exclusively in the enforcement of the dry law.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered January 24, 1925, denying an application for a writ of mandamus. Reversed.

[1]Reported in 240 Pac. 560.

*Theodore B. Bruener,* for appellant.

*A. E. Graham,* for respondent.

ASKREN, J.—Plaintiff brought action for a writ of mandate to compel the prosecuting attorney for Grays Harbor county to approve a voucher, issued by the sheriff of that county in payment for an automobile. From judgment denying the writ, relator appeals.

The facts are:

The sheriff of Grays Harbor county, desiring an automobile for use in the enforcement of the dry law, purchased an automobile from the relator. A resolution was passed by the board of county commissioners giving authority to the sheriff to purchase this car, payment to be made from the dry law enforcement fund. That fund is provided for in § 4940, Rem. Comp. Stat., which reads as follows:

"Except as otherwise provided by law, all sums of money derived from fines imposed for violation of orders of injunction, mandamus and other like writs, or for contempt of court, and the net proceeds of all fines collected within the several counties of the state for breach of the penal laws, and all funds arising from the sale of lost goods and estrays, and from penalties and forfeitures, shall be paid in cash by the person collecting the same, within twenty days after the collection, to the county treasurer of the county in which the same have accrued, and shall be by him transmitted to the state treasurer, who shall place the same to the credit of the current school fund. He shall indicate in such entry the source from which such money was derived: Provided, however, that fifty per cent (50%) of all fines collected for the violation of any of the provisions of Initiative Measure No. 3 enacted by the people November 3, 1914, shall be turned in to the county treasurer of the county wherein such violation occurred, to be kept as a special fund by said county treasurer and to be used for the purpose of obtaining evidence in other cases pertaining to the violation of

the provisions of said Initiative Measure No. 3 enacted by the people November 3, 1914, said fund to be drawn upon by vouchers by the sheriff of the county wherein the said violation occurred and approved by the prosecuting attorney and a majority of the board of county commissioners of said county. A forfeiture of bail shall be construed as a fine. If at the end of any fiscal year there remains any surplus in said fund same shall be turned into the state current school fund.''

The sheriff signed vouchers for the payment for the automobile. The county commissioners stood ready to approve same, and order it paid, if the prosecuting attorney would also approve. At the trial, the sheriff testified that there was an urgent need for this car for use in the enforcement of the dry law, and that it was to be used for that purpose alone. The trial court denied the petition, upon the ground that the statute did not permit the dry fund to be used for the purchase of property; that its use should be restricted to payment for investigation and for gas, oil, and expenses of a like character. Having come to this conclusion, the trial court did not pass upon two other questions raised by the prosecutor, to wit: that mandamus was not the proper remedy, and that the approval of the prosecutor is a discretionary act. The last question, whether the approval of the prosecutor is a discretionary act, has been settled since the trial of this case by our decision in *Revelare International Secret Service v. Whatcom County,* 133 Wash. 535, 234 Pac. 10, where we held that,

''The approval of the prosecutor and the board of county commissioners required by the statute is administrative only, in which they act in a ministerial capacity, and are required to approve the expenditures if they are legal.''

It seems to us that the construction given to this statute by the learned trial court is too narrow. It

will be noted that the statute provides that the fund is to be used "for the purpose of obtaining evidence in other cases pertaining to the violation of the provisions of Initiative Measure No. 3." A reasonable construction to be given to this statute would be that any expenditure which can fairly and reasonably be said to be used in securing evidence of violation of this liquor law is a charge against the fund.

The prosecutor argues that the salaries of investigators, and their necessary expenses in securing evidence are proper charges. The necessary expense of an investigator would of course, include his transportation to the point of investigation. Whether it is by railroad, by stage, or by private automobile, is a matter for the sheriff to determine under all the circumstances. The sheriff cannot always depend upon outside transportation in the enforcement of this law. Information which he receives very often requires him to act quickly. It is common knowledge that a sheriff in any of the populous counties of the state must have an automobile at his command for immediate use. To deny him the right to have such a conveyance would be to effectually cripple the enforcement of this law. Many of those whom it is his duty to apprehend are provided with high-powered automobiles, and their capture is not always so much a matter of skill as it is a matter of time. Under present-day conditions, the use of an automobile by a sheriff in the enforcement of the dry law is as necessary as the use of deputies, or the gas which propels the car to its destination, or the oil which lubricates it.

Respondent contends further that mandamus is not the proper remedy. Since the prosecutor acts only in a ministerial capacity in approving the voucher mandamus will lie to compel the act. *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207.

The judgment of the trial court is reversed, with instructions to grant the writ.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.