## Cook's Administrator v. Campbell et al.

(Decided November 8, 1929.)

WILSON & WILSON and NAPIER & HELM for appellant.

JOHN E. CAMPBELL, W. C. EVERSOLE and J. T. BOWLING for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

G. M. Cook, a resident of Perry county, died intestate on December 27, 1921. On April 25, 1923, an action

was instituted in the Perry circuit court under subsection 2, sec. 490, of the Civil Code of Practice, for a sale of the real estate belonging to the estate of G. M. Cook, deceased. Judgment for the sale of the land was rendered on August 23, 1923, and on October 1, 1923, it was sold by the master commissioner. The appellee, John E. Campbell, was the purchaser of a house and lot located in the city of Hazard, and he executed bond for the purchase price of $2,000, which the appellees W. C. Eversole and J. B. Combs signed as sureties. Campbell took possession of the property a few days after the sale. On October 19, 1923, the master commissioner filed his report of sale, which was ordered to lie over for three days for exceptions. No exceptions were filed within the time allowed. On December 12, 1923, the house purchased by Campbell was totally destroyed by fire. The Cook heirs had insured the house with the Franklin Fire Insurance Company for $2,000. The policy expired on December 17, 1923.

G. W. Cook, administrator for G. M. Cook, instituted an action to recover the amount of the policy, and the purchaser at the judicial sale, appellee Campbell, intervened and, under an alleged contract for the assignment of the insurance policy alleged to have been concurred in by the agent of the insurance company, sought to recover for himself the amount of the insurance.

The insurance company defended as to both Cook and the purchaser on the ground that such a change in the title of the insured had taken place as to avoid the policy, and that no assignment of interest was made by the insured prior to the fire, and this contention of the insurance company was upheld by this court. Franklin Fire Insurance Co. v. Cook's Administrator, 216 Ky. 15, 287 S. W. 553; Cook's Administrator v. Franklin Fire Insurance Co., 224 Ky. 360, 6 S. W. (2d) 477.

On May 9, 1924, appellee Campbell filed exceptions to the master commissioner's report of sale. The sale was confirmed on February 26, 1925. On June 6, 1928, an execution was issued on the sale bond, and on July 3, 1928, the appellees filed this suit, in which they sought to have the sale bond canceled and the order confirming the master commissioner's report of sale set aside.

The basis for the relief sought was the alleged refusal or failure of G. W. Cook, administrator, to transfer to the purchaser, Campbell, after the commissioner's sale, the $2,000 insurance policy on the property. The

lower court adjudged that the commissioner's sale of October 1, 1923, was void and canceled the sale bond. Defendants appeal.

This action to have declared void the commissioner's sale and to cancel the sale bond was brought more than three years after the sale was confirmed. This is an effort to attack the judgment confirming the sale, which cannot be done after the term of court at which the sale was confirmed has closed. Turk v. Turk, 230 Ky. 191, 18 S. W. (2d) 1003, 1005; Bowles' Guardian v. Johnson, 218 Ky. 221, 291 S. W. 29.

Appellees do not seek to vacate the judgment confirming the sale in the mode prescribed or for the causes mentioned in sections 340, 344, and 518-520, of the Civil Code. Any other method of attack is a collateral one, and, unless the judgment is in fact void, cannot be sustained. Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412. In Turk v. Turk, supra, it was said:

"In the case of Bowles' Guardian v. Johnson, 218 Ky. 221, 291 S. W. 29, we reviewed to some extent the cases dealing with the rights of a purchaser at a judicial sale to relief from the sale bonds he has executed, and that decision is that, after the sale is confirmed, he may have relief in those cases only where the judgment ordering the sale is absolutely void. In all other cases he is, after the sale is confirmed, without relief. A judgment is void when, at the time the court attempts to render it, some jurisdictional fact is absent, without the existence of which the court is without authority to act at all; but, when the court ordered this sale, it had jurisdiction of the parties and of the subject-matter. There is no suggestion of anything that was wanting; hence the judgment ordering the sale was not void, and the purchaser at that sale, having allowed it to be confirmed and having allowed the term of court at which it was confirmed, to close, is now without relief."

The principal reason assigned by the lower court for setting aside the order confirming the sale and declaring the commissioner's sale void was the failure of the commissioner to resell the property after it had been knocked off to a bidder other than Campbell. The record in the proceedings in which the property was sold discloses no such state of facts. The testimony in the case

at bar shows that, after Campbell bid $2,000 for the property, Jasper Morgan, a son-in-law of G. W. Cook, bid $2,100. Campbell declined to raise the bid, and no other bid could be obtained. G. W. Cook then asked Campbell if he was still willing to take the property at his bid of $2,000, and Campbell answered in the affirmative. Morgan withdrew his bid of $2,100, and Campbell's last bid was accepted by the master commissioner. No bidder present except Morgan was willing to bid more than $2,000, and all of the bidders were present when Morgan's bid was withdrawn and Campbell's bid accepted. The Commissioner's report of sale shows that Campbell was the successful bidder, and, even if irregularities sufficient to authorize a court to set aside the sale had occurred, the question should have been raised by exceptions to the report of sale and not in a collateral proceeding.

For the reasons indicated, the judgment is reversed, and cause remanded, with directions to dismiss plaintiff's petition.