STATE EX REL. BRINK, APPELLANT, *v.* McCRACKEN, EXECUTOR, RESPONDENT.

(No. 6,865.)

(Submitted December 2, 1931. Decided December 23, 1931.)

[6 Pac. (2d) 869.]

*Mr. Rudolph Nclstead,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Daniel L. O. O'Hern,* for Respondent, submitted a brief, and argued the cause orally.

160

MR. JUSTICE FORD delivered the opinion of the court.

On September 20, 1928, defendant, as executor of the estate of J. C. McCracken, deceased, filed his petition in the district court, requesting an order of sale of certain real estate. On October 6, an order of sale was duly filed and a sale had on December 1. Thereafter the executor filed a return and account of sale, and reported that he had sold the real estate for $2,060 and requested the confirmation of the same. The return and account was noticed for hearing for December 19. At the time fixed, plaintiff appeared in open court and offered in writing to purchase the real estate for $2,505, accompanying his bid with an initial payment of $250.50. The district court accepted plaintiff's bid, and, after a hearing, made and

entered its order confirming the sale to him, and directed the executor to deliver a deed to plaintiff upon the payment of the balance of the purchase price. On May 6, 1929, the executor having refused to give the purchaser a deed, Elizabeth J. McCracken, the widow of J. C. McCracken, deceased, and one of the devisees and legatees under the will, filed a petition for the suspension of the executor, with allegations of cause for removal. Upon this petition a citation was issued to defendant requiring him, as executor, to show cause before the court why his letters should not be revoked. Thereafter, and on May 7, defendant filed a petition and motion to set aside the order confirming the sale of real estate theretofore made to plaintiff, upon the ground that the order was void. This motion was not served on Brink, and no disposition has been made of it by the court. The petition of Elizabeth J. McCracken came on for hearing on July 1, 1929, and defendant questioned the validity of the order of December 19, 1928, confirming the sale of real property to plaintiff, contending that such order was void on its face. The court adopted this view and vacated the order for the reason ''that the court was without jurisdiction in making said order confirming said sale of real estate.'' Plaintiff's appeal from that order was dismissed on the ground that it was not taken within time. (*In re McCracken's Estate*, 87 Mont. 342, 287 Pac. 941.)

On August 25, 1930, Brink commenced this proceeding to compel defendant, as executor, by mandamus to execute and deliver a deed of conveyance of the real estate pursuant to the order of confirmation of December 19, 1928. An order to show cause was issued, answer was made, and a reply filed. Upon the issues framed, the cause was heard, and upon the testimony taken a judgment of dismissal was entered. This appeal is from that judgment.

Plaintiff contends that the order of July 1, 1929, vacating the order confirming the sale of real estate to him, is null and void, and that he is entitled to a deed upon the payment of the balance of the purchase price.

If the order of July 1 is void, all proceedings founded upon ▮ it are ineffective for any purpose. It was open to collateral attack, and may be set aside at any time. (*Oregon Mortgage Co.* v. *Kunneke,* 76 Mont. 117, 245 Pac. 539; *Heater* v. *Boston Montana Corp.,* 75 Mont. 532, 244 Pac. 501.) "Time does not confirm a void act." (Sec. 8768, Rev. Codes 1921.)

Under section 10210, Revised Codes 1921, an executor or administrator may, when the sale of the property of an estate is necessary in order to pay outstanding debts of the decedent, or the debts, charges, and expenses of administration, sell the real estate upon the order of the court or judge. Other sections specify what the petition to obtain an order of sale shall contain and detail the procedure to be followed to effect a sale. (Secs. 10211–10222, Id.)

After sale, the executor or administrator must make a return of his proceedings to the court. After notice and upon a hearing, the court must examine the return and witnesses, and, if the proceedings were unfair, or the sum bid disproportionate to the value of the property sold, "and if it appears that a sum exceeding such bid at least ten per cent., exclusive of the expenses of a new sale, may be obtained, the court or judge may vacate the sale and direct another to be had, of which notice must be given, and the sale in all respects conducted as if no previous sale had taken place. If an offer of ten per cent., more in amount than that named in the return be made to the court, in writing, by a responsible person, it is in the discretion of the court or judge to accept such offer and confirm the sale to such person, or to order a new sale." (Sec. 10225, Id.) Upon the hearing, "if it appears to the court or judge that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, and that a greater sum, as above specified, cannot be obtained, or if the increased bid mentioned in section 10225 be made and accepted by the court or judge, the court or judge must make an order confirming the sale, and directing conveyances to be executed. * * * If, after the confirmation, the purchaser neglects or refuses to comply

with the terms of sale, the court or judge may, on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property.'' (Sec. 10227, Id.) The language of these sections is too plain to require interpretation.

Here at the hearing upon the return of the sale an offer of ██ ten per cent. more in amount than that for which the property had been sold by the executor was made to the court in writing, and the court, in the exercise of its discretion (sec. 10225, supra), accepted such offer and confirmed the sale to Brink, and an order of confirmation was duly made. The court hád authority to accept the increased bid without ordering a resale. (*In re Bradley's Estate,* 168 Cal. 655, 144 Pac. 136; *In re Reed's Estate,* 3 Cal. App. 142, 85 Pac. 155; *In re Griffith's Estate,* 127 Cal. 543, 59 Pac. 988; 11 Cal. Jur. 934; 24 C. J. 655.)

The order confirming the sale to Brink operated to divest the heirs of their title, and secured to Brink the property thus sold. (*In re McLure's Estate,* 76 Mont. 476, 248 Pac. 362; *Plains Land & Imp. Co.* v. *Lynch,* 38 Mont. 271, 129 Am. St. Rep. 645, 99 Pac. 847.) It is a final judgment, and, in the absénce of an appeal, is as conclusive upon the rights of the parties, including the executor, as would be any adjudication by a court of competent jurisdiction, and is not open to collateral attack. (*Leininger* v. *Reichle,* 317 Ill. 625, 148 N. E. 384; *Kietzer* v. *Nelson,* 157 Minn. 463, 196 N. W. 641; *Fry* v. *Heargrave,* 129 Kan. 547, 283 Pac. 626; *Lake* v. *Hathaway,* 75 Kan. 391, 89 Pac. 666; *Cook's Admr.* v. *Campbell,* 231 Ky. 401, 21 S. W. (2d) 654.) Of course it would not validate a void·sale, as when there was no jurisdiction in the court to order it; but, unless the order is void, it is not open to collateral attack. If there had been fraud, mistake, or any other like ground for which a court of equity would avoid a sale made by one person to another, defendant would have had reason for asking for equitable relief.

The record discloses that all of the proceedings relating to the sale and the confirmation thereof to plaintiff were regular,

and, in consequence, the court was without jurisdiction to enter its order of July 1, 1929, vacating the order of December 19, 1928, confirming the sale of real estate to plaintiff.

It is contended by defendant that mandamus is not the proper remedy, since "plaintiff had available a plain, speedy and adequate remedy at law by appeal" from the order of July 1, 1929. Mandamus is a proper remedy when there is not a plain, speedy, and adequate remedy at law. (Sec. 9849, Rev. Codes 1921.) It lies "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." (Sec. 9848, Id.; *State ex rel. Federal Land Bank* v. *Hays,* 86 Mont. 58, 282 Pac. 32; *Kalman* v. *Treasure County,* 84 Mont. 285, 275 Pac. 743.)

Was defendant under a legal duty to make a conveyance to plaintiff? Section 10228, Revised Codes 1921, definitely answers the question. After the order of confirmation has been made by the court or judge (sec. 10227, supra), "conveyances must thereupon be executed to the purchaser by the executor or administrator." (Sec. 10228, supra.) The formal conveyance follows the order of confirmation as a mere ministerial act on the part of the administrator or executor. Mandamus is a proper remedy to compel the performance of a ministerial act or duty. (*State ex rel. Royse* v. *Superior Court,* 117 Wash. 3, 200 Pac. 562; *State of Washington* v. *Pacific Tel. & Tel. Co.,* (D. C.) 1 Fed. (2d) 327; *Hardin* v. *Hamilton,* (Tex. Civ. App.) 204 S. W. 679; *State ex rel. Min. Co.* v. *Cunningham,* 6 Idaho, 113, 53 Pac. 451.)

The fact that there is another remedy will not prevent the issuance of a writ of mandamus, if the other remedy is not adequate, and, when it is doubtful whether or not there is an adequate remedy in the ordinary course of law, mandamus will ordinarily issue. "To supersede the remedy by mandamus, a party must not only have a specific, adequate legal remedy, but one competent to afford relief upon the very subject-matter of his application." (*State ex rel. Johnson* v. *Collins,* 41 Mont. 526, 110 Pac. 526, 527.) In that case this

court quoted with approval the following language from *State ex rel. Brickman* v. *Wilson,* 123 Ala. 259, 45 L. R. A. 772, 26 South. 482: ''The 'other remedy,' the existence of which will oust—or, rather, prevent the invocation of—jurisdiction by mandamus, must be equally convenient, beneficial and effective as mandamus. [Citing cases.] It must be a remedy which will place the relator *in statu quo;* that is, in the same position he would have been had the duty been performed. [Citing cases.] Indeed, it must be more than this. It must be a remedy which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance.'' ''Ordinarily, the remedy must be such as will enforce the right or compel the performance of the particular duty in question—in effect specific performance.'' (38 C. J. 561; 18 R. C. L. 132.)

Had plaintiff been successful on the appeal (*In re Mc-Cracken's Estate,* supra) and the case considered and determined upon the merits, the result would have been only a judicial determination that the court erred in making its order of July 1, 1929. A reversal of that order would not of itself have been sufficient to compel defendant to execute a deed. The remedy by appeal was not ''one competent to afford relief upon the very subject matter of his application'' for a writ of mandate.

It is clear that an appeal from the order of July 1, 1929, would not have been equally convenient, beneficial, and effective as the proceeding by mandamus, since favorable determination of that appeal would not have compelled defendant to do the specific act which section 10228, supra, requires him to perform.

Finally it is argued ''that plaintiff has been guilty of such ▇▇▇▇▇▇ laches in making application for writ of mandate as to cause its denial.'' In support of this contention, counsel relies upon the rule that one who would avail himself of the assistance of the writ of mandamus must act promptly in demanding the enforcement of his rights, or he will be barred

by laches. The rule has heretofore been recognized and enforced by this court. (*Territory ex rel. Tanner* v. *Potts,* 3 Mont. 364; *State ex rel. Beach* v. *District Court,* 29 Mont. 265, 74 Pac. 498; *State ex rel. Bennetts* v. *Duncan,* 47 Mont. 447, 133 Pac. 109; *State ex rel. Bailey* v. *Edwards,* 40 Mont. 313, 106 Pac. 703.) In the case last cited, it was pointed out that the courts may, in their discretion, deny relief when there has been a long delay in applying for it, in the absence of excuse or explanation. It was held that the propriety of granting relief in a case where the defense of laches is relied upon will be determined, not merely by the lapse of time permitted by the plaintiff before making his application, but by answer to the question: Did the delay result in prejudice to the rights of the adverse party, or does the relief sought depend upon doubtful or disputed questions of fact? The rule is stated by the supreme court of California as follows: "The defense of laches is different from the defense of the statute of limitations, in this: that, in order to bar a remedy because of laches, there must appear, in addition to mere lapse of time, some circumstances from which the defendant or some other person may be prejudiced, or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is allowed; whereas in the case of the statute of limitations there need be nothing more than mere lapse of time in order to constitute a bar." (*Cahill* v. *Superior Court,* 145 Cal. 42, 78 Pac. 467, 469.)

Here the relief sought does not depend upon doubtful or disputed questions of fact. There is nothing in the record to indicate that the estate has been prejudiced, and counsel for defendant does not so contend; but it is argued that the record discloses that after the order of December 19, 1928, was vacated, a resale was had pursuant to an order of the court, and the property sold to Joe Zeni for the sum of $2,506, and that the interests of the purchaser at the resale would be prejudiced by the issuance of the writ. Since the order of July 1, 1929, was void, all proceedings had thereafter are invalid and ineffective for any purpose. The resale was abor-

tive, and the purchaser thereat acquired no right or title. The doctrine of *caveat emptor* applies to an executor or administrator's sale. (*Lamont* v. *Vinger,* 61 Mont. 530, 202 Pac. 769.)

Plaintiff is not open to the imputation of laches. For the reasons given, the judgment is reversed and the cause remanded to the district court of Carter county, with direction to issue a peremptory writ of mandate as prayed for.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.

Rehearing denied January 20, 1932.